# Moore to use, Appellant, *v.* Adams.

*Deceit—Fraud—Pleadings—Evidence—Charge.*

In an action of assumpsit to recover money alleged to be due upon promissory notes which had been surrendered and cancelled, where the plaintiff alleges in his statement that he was induced by the fraud of the defendants to surrender the note, and the whole case is tried on the theory that the plaintiff was induced to accept for the notes a certificate of stock, by the deceit and fraud of the defendants, and the question of fraud is fully and fairly submitted to the jury upon points presented by the plaintiff, and a verdict and judgment results for the defendants, the plaintiff cannot on appeal set up a warranty of title to the stock by the defendants, or a failure of title.

Argued May 8, 1905.   Appeal, No. 142, April T., 1905, by plaintiff, from judgment of C. P. Armstrong Co., Sept. T., 1902, No. 54, on verdict for defendants in case of R. M. Moore to use of Safe Deposit & Title Guaranty Company, Assignee, v. M. S. Adams et al., executors of M. S. Adams, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit to recover money alleged to be due on a promissory note.   Before PATTON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendants.   Plaintiff appealed.

*Errors assigned* are quoted in the opinion of the Superior Court.

*C. E. Harrington* and *M. F. Leason,* for appellant.—This case is ruled by the following authorities : Flynn v. Allen, 57 Pa. 482 ; People's Bank v. Kurtz, 99 Pa. 344 ; Porter v. Bright, 82 Pa. 441 ; Bixler v. Saylor, 68 Pa. 146 ; Harding v. Lloyd, 3 Pa. Superior Ct. 293 ; Boyd v. Bopst, 2 Dallas, 92 ; Charnley v. Dulles, 8 W. & S. 353 ; Burns v. McCabe, 72 Pa. 309 ; Wright v. Jordan, 181 Pa. 100 ; West Philadelphia Nat. Bank v. Field, 143 Pa. 473 ; Ritter v. Singmaster, 73 Pa. 400 ; Perdue v. Taylor, 146 Pa. 163 ; Mechanics' Nat. Bank v. Kielkopf, 22 Pa. Superior Ct. 128.

*Samuel H. McCain,* with him *Calvin Rayburn* and *Austin Clark,* for appellees.

OPINION BY MORRISON, J, October 9, 1905 :

In this action of assumpsit the plaintiff sought to recover a balance of $600, alleged to be due and owing upon two certain promissory notes, dated November 7, 1895, due and payable in one year for $500 each.   The defense was that the notes were paid in full by the assignment by M. S. Adams to R. M. Moore of six shares of stock, class " F," in the Life Protective Savings Loan Association of Pennsylvania, No. 8753, originally issued to W. R. Grant and subsequently assigned and transferred to M. S. Adams, on the books of the association, and further by the payment of $400 by a check on the Butler County National Bank.

No question is raised as to the fact that M. S. Adams assigned and delivered the certificate of stock to Moore and that the value was then agreed to be $600, nor is it denied that the plaintiff received the $400 on said check.   In the plaintiff's declaration we find the gravamen of the claim stated thus : " On August 22, 1900, said defendants having said certificate of stock in their possession, and being the owners thereof, did at the Parker Exchange Bank, in said Armstrong county, fraudulently, covinously and with intent him, the said R. M. Moore, in this behalf craftily and subtilely to deceive and defraud, procure and induce the said R. M. Moore, for a valuable considera-

tion, to purchase said stock, and, upon the representations, promises, assumptions and inducements that said stock was worth the sum of $600 in cash at that time, the said R. M. Moore did then and there pay to the defendants the sum of $600 and did surrender and cancel to the defendants the aforesaid notes, upon the defendant's representations, promises, assumption and verbal guarantee that said certificate of stock was actually then worth the sum of $600, and that he, the defendant, would guarantee the payment of the same and would warrant same and keep harmless the plaintiff from all liability by reason of the purchase of said stock and the money paid therefor. By means of the premises aforesaid the defendants fraudulently deceived the plaintiff as to the sale and value of said stock," etc. The declaration further avers that the stock was of no value whatsoever. The trial resulted in a verdict for the defendants, and the court having refused a new trial, judgment was entered on the verdict and the plaintiff appealed.

At the trial the plaintiff's counsel presented ten written points, and they were all read to the jury and answered by the court, and, upon the pleadings and the evidence, we think the answers were correct. The plaintiff's third point is : "Under the pleadings the plaintiff is entitled to recover against both defendants or he cannot recover at all." This point was affirmed. Plaintiff's fourth point: "The plaintiff having proven that the indorsements upon the notes, excepting as to $400, were procured by false and fraudulent representations by one of the defendants, it is a question for the jury." This point was affirmed. The fifth point requested the court to charge that " the defendant, M. S. Adams, transferred a certain certificate of stock to the plaintiff, to which he had no title, and received therefor a credit upon said notes to the advantage of the defendants, an implied warranty of title legally arises, which, if the evidence on the part of the plaintiff is believed, the warranty is broken and the plaintiff is entitled to recover." This point was rightfully refused because it asked the court to say as a matter of law that M. S. Adams had no title to the certificate of stock, but the plaintiff had averred in the declaration that M. S. Adams and Ella Adams were the owners of said certificate of stock at the time they sold

and assigned it to the plaintiff. And in addition to this, they offered proof at the trial to sustain this averment. It, therefore, would have been palpable error for the court to have affirmed the fifth point. The sixth point requested the court to say as a matter of law that the assignment of the certificate of stock, by M. S. Adams, was a legal fraud as well as a fraud in fact upon R. M. Moore. This point was refused because the court could not declare, as a legal conclusion, that the transaction was a fraud in fact. The seventh and eighth points were affirmed; the ninth, that under all the evidence the verdict must be for the plaintiff, was properly refused. In our opinion, the question raised by the tenth point was rightfully referred to the jury.

We find in the record twelve assignments of error, and, in our opinion, none of them can be sustained.

We do not propose to discuss the assignments of error separately. But the tenth assignment deserves mention. It is: "If the jury find from the evidence that Ella A. Adams is not liable, their verdict must be for the defendants." The learned counsel say the court erred in affirming this point, and they argue in support of their contention. A sufficient answer is the plaintiff's third point, which they submitted and the court affirmed, namely, "Under the pleadings the plaintiff is entitled to recover against both defendants or he cannot recover at all."

After taking this position in a written point and adhering to it throughout the trial, it comes with bad grace for the learned counsel to insist that the court erred in saying to the jury that if Ella A. Adams is not liable their verdict must be for the defendants.

Under the pleadings and evidence the gravamen of the plaintiff's contention was that he was induced by fraud to accept the certificate of stock and to indorse credits upon the notes of $600. This question was made prominent all through the trial by the plaintiff's counsel, and their fourth point requested the court to submit it to the jury. This the court did in a charge which was manifestly fair and impartial. The court repeatedly told the jury that if Adams practiced a fraud upon Moore, and thereby induced him to accept the certificate of stock and enter the credit upon the notes, then

the verdict should be for the plaintiff for $600, with interest from August 22, 1900.   The court further said that " if you find that no fraud was perpetrated there by Mr. Adams, that no deception was practiced upon Mr. Moore by Mr Adams, then your verdict in this case should be for the defendant." The jury having found in favor of the defendants establishes the fact that Adams did not deceive and defraud Moore, and the learned court having refused a new trial, we must consider this question settled by the verdict.   We find no error in the charge of the court in regard to the tender of the stock by Mr. Moore back to Mr. Adams, after the commencement of the suit.   In our opinion the instruction of the court upon this point was quite favorable to the plaintiff.

Much of the argument of the learned counsel for the appellant is devoted to the proposition that the vendor of chattels and choses in action impliedly warrants the title.   This proposition is sustained by many cases, among which are the following : Flynn v. Allen, 57 Pa. 482 ; People's Bank v. Kurtz, 99 Pa., 344 ; Porter v. Bright, 82 Pa. 441 ; Charnley v. Dulles, 8 W. & S. 353.   But this case was not tried on the theory of the failure of plaintiff's title to the stock certificate. On the contrary, the plaintiff averred that Adams had title to it and that he sold and delivered it to the plaintiff.   Therefore, it is now manifestly unfair to the court to contend for a reversal on the ground of implied warranty and failure of title.

The opinion of the learned court in disposing of the motion and reasons for a new trial clearly shows that the case was tried on the theory that the plaintiff was induced to accept the certificate of stock and credit the supposed value thereof upon the notes by deceit and fraud.   The learned court said : " An examination of the entire statement shows that the gist of the action was the fraudulent acts of M. S. Adams, and upon that theory the case was tried."

In regard to the averment in the plaintiff's declaration of the defendant's (M. S. Adams) verbal guarantee that said certificate of stock was actually worth the sum of $600, " and that he, the defendant, would guarantee the payment of the same and would warrant, save and keep harmless the plaintiff

from all liability by reason of the purchase of said stock and the money paid therefor," it is sufficient to say : (1) That this averment only applies to defendant M. S. Adams, and, therefore, there cannot be a recovery upon it in a joint action against M. S. Adams and Ella A. Adams; and (2) That this averment was not sustained by the evidence, even as to M. S. Adams.

It is not improbable that this case ought to have been so tried and presented to the jury that the plaintiff would have recovered the balance due on the notes, less the $400 payment. But if there was a mistrial and a failure of justice, the blame, if any, does not rest upon the court. We think the case was fairly tried and presented to the jury on the theory of the plaintiff as disclosed by the declaration, the evidence and the points presented at the trial.

The assignments of errors are all dismissed and the judgment is affirmed.