Opinion by
Head, J.,
The plaintiff is the assignee of a mortgage, the title to which she acquired by a formal assignment in writing executed and delivered by the defendant. That she paid a full and valuable consideration therefor is not a matter in dispute. The defendant was one of two mortgagees, but purchased the one-half interest of his brother, the other mortgagee, and thus became, prior to the date of the assignment, the sole owner of the mortgage. At the time of' the assignment the mortgage, with the bonds secured thereby, was in the possession of the defendant, and this possession was transferred with the written assignment to the plaintiff. The record of the mortgage disclosed no evidence whatever of any payment on account thereof. In a word, the mortgage appeared to be a valid and subsisting obligation. Some time later, the plaintiff brought an action of scire facias sur mortgage to recover from the mortgagors the debt evidenced by the mortgage. To this action they took defense on the ground that the mortgage had been paid to the present defendant, then the mortgagee, at a date prior to the assignment. As the plaintiff had not demanded nor received a certificate of-no defense, her action was, of course, liable to be defeated if the mortgagors could establish by evidence their allegation of payment. That case went to trial and resulted in a verdict for the defendants therein, the mortgagors. A motion for a new trial having been refúsed, judgment Was entered on that verdict and no appeal has been taken therefrom.
The plaintiff brings this action then to recover from the defendant the purchase money she paid, together with the necessary expenses she has incurred, by reason of the fact that the thing she purchased was not in fact a mortgage, but only a worthless piece of paper, and her action is grounded on the legal principle that the vendor of a chattel impliedly warrants the title to it and that it is in fact the thing it purports to be. It needs no argument to sustain the proposition that the principle relied on is well established and generally recognized: Flynn v. Allen, 57 Pa. 482; Moore v. Adams, 29 Pa. Superior Ct. 239. If as a fact, the mortgage had been paid to the defend *432 ant before he undertook to assign it, the debt secured thereby was extinguished, and the instrument was of no more value than if the names of the mortgagors had originally been forged.
The written assignment, as executed by the defendant, was in blank so far as the name of the assignee is concerned. It was thus executed at the request of one Griesemer, who had been the middle man through whom the original mortgage loan was negotiated, and through whom all subsequent transactions between the mortgagees and the mortgagors had been conducted. It appears that the mortgagees had concluded to take up the money secured by the mortgage. Notice of this fact was communicated to Griesemer for the mortgagors. He produced the money, but requested that the mortgage be assigned, to such person as he would find, instead of being satisfied according to the original desire of the mortgagees. He further suggested, that, as he had not yet arranged with any particuar person to take up the loan, an assignment in blank be drawn up and executed, so that the name of the assignee could be thereafter inserted when the person willing to advance the money should have been found. The defendant Hinkle, the mortgagee, agreed to this request and adopted this suggestion and had his counsel draw up a formal assignment of the mortgage and the bonds secured thereby, which was signed by the defendant and his brother, the other original mortgagee, and duly acknowledged by both. This assignment was by the mortgagee delivered to Griesemer, together with the possession of the original mortgage and bonds. He succeeded in inducing the plaintiff to take the assignment, and after inserting her name in the blanks left for that purpose, he handed to her the assignment together with the original mortgage and bonds.
That in such a transaction the defendant made Griesemer his agent for the delivery of the formal assignment, the mortgage and the bonds, and thus authorized him to insert the name of the plaintiff or other person in the assignment, cannot, we think, be controverted: Simpson v. Bovard, 74 Pa. 351; Howie v. Lewis, 14 Pa. Superior Ct. 232. The assignment, therefore, was just as effective to bind the assignor as if he had *433 written into it with his own hands the name of the plaintiff and personally delivered it to her.
The assignment contains a clause that it' “is without recourse to the assignors.” It is contended that the presence of this clause in the assignment should have the effect of relieving the defendant assignor from any liability of any kind, resulting from the fact that he undertook to sell and transfer a mortgage which had in fact been paid. To this we cannot assent. An examination of the authorities reveals that such words, embraced in an assignment of a nonnegotiable instrument, have no fixed legal significance: Charnley v. Dulles, 8 W. & S. 353; Frazer v. D'Invilliers, 2 Pa. 200; Hexter v. Bast, 125 Pa. 52. As was said in the last cited case, “They are important only as they may indicate the understanding of the parties that the plaintiff should take the mortgage subject to every risk, as well the insolvency of the parties, as the validity of the mortgage itself.” Following precisely in the path marked out by these decisions, the learned trial judge instructed the jury to determine, from all the facts and circumstances in evidence, whether or not, by the presence of these words, the parties at the time intended it to be understood that the assignee was to take the risk of the validity of the mortgage, as well as of the ability of the property pledged to produce the amount of the debt. As the case was submitted, the verdict established that these words were not thus' intended and understood by the parties.
At the trial the record of the judgment in the action of scire facias sur mortgage was offered in evidence. Its admissibility as pertinent testimony is not, as we understand it, questioned. The learned counsel for the appellant, however, insists that the trial court fell into error in his instructions to the jury as to the legal effect of that evidence. The court instructed the jury, that in the first instance such a record was prima facie evidence that the mortgage had been in fact paid. Thus far it is agreed the instruction was right.
The court further declared that if the jury found, from the evidence.. before them in the present case, that Hinkle, this .defendant, had been advised of the bringing of the former *434 suit; of the nature of the defense that-had. been made to.it, had been given an opportunity to resist, by any means in his power and by any evidence he could furnish, the defense of payment advanced by the mortgagors; and if further he was in fact present in court at the trial with his counsel; if he and his counsel conferred with the plaintiff in that case and her counsel as .to the manner in which -it would be tried; then they might go farther and determine that the record of that former trial would be conclusive on the present defendant as to the question- of payment. If, on the other hand, they were satisfied, as the defendant contended, that he and his counsel were present in court only as witnesses; that they had never been called upon nor notified to participate in the trial of that action, and had no responsibility for its conduct or management, then the record would not be conclusive, and in that event the jury might then determine, under the. evidence before them, whether or not the mortgage had been in fact paid before the assignment, without regard to the finding of the former jury on that question.
We • have not been referred to any case in Pennsylvania which can be fairly said to be exactly decisive of the question here raised-. It is, of course, a well-recognized general principle that no person can be bound by a judgment to which he was- not either party or privy. On the other hand, it is equally clear that where one occupies a position <of ultimate legal responsibility for the result of an action pending between two other parties, if he be formally notified to come in and participate in the trial of such action, under penalty of being concluded by the’judgment that may be rendered, such a judgment will be conclusive against him. No particular kind or form of notice to thus affect -a third person has been prescribed. The- reason underlying the principle points .plainly to the fact, that knowledge of the situation brought home to the party ultimately to be,affected and a proper .opportunity-to participate in the action, for the results of which he is to be held responsible, are the essential elements which, if present, will and of right ought to make the judgment conclusive.
We think the correct principle-is well set out by the supreme *435 court of Maine in Holbrook v. Holbrook, 15 Maine, 9, in the following language: “It'cannot be material to the person agreeing to indemnify that he should have a formal notice served upon him. The law requires that he should have notice, before the judgment can be used against him because he is the real party in interest, but any notice which .will enable him to present any .defense which he may have, either in law or fact, is all that can be useful to him, and the law requires no vain or useless ceremony in such cases.”
It is stoutly contended by the appellant that the present record discloses no facts from which a jury should have been permitted to find that any such notice was given to him, or any such opportunity was afforded. If this were, the fact, of course such a question should not have been submitted; but after a careful reading of the testimony, we are driven to the conclusion, reached by the learned court below, that there was evidence upon which such' a finding might fairly rest. That the defendant was fully advised of the nature of .the defense made to the action of scire facias there can be no doubt; that he and his counsel conferred with the plaintiff’s counsel on that subject, discussed the evidence that could be produced pro and con, and the effect of an adverse verdict, is equally clear. That all-were present during the trial of the cause is not disputed. There is evidence the defendant was told by plaintiff’s counsel that “they expected him to stand-by us in this suit; . . . : that it might become necessary, for us to look to them for this money in the event that we would fail to-recover against Sheeder and Smith (the mortgagors).” There was evidence that the plaintiff and her counsel had agreed' with the defendant and his counsel upon the line of procedure to be adopted: That, at least one of the counsej.of the defendant assisted in outlining the method of presenting the .case for trial; that during the trial conferences.were had with the defendant and his counsel) and that after verdict and judgment, the defendant was formally notified. that the plaintiff would look to him for payment of this mortgage, but that he determined to do nothing, although there was still time to take an appeal to correct any errors that might -have existed in the' *436 record of the trial. We think, therefore, there was evidence from which the jury might be permitted to find that the present defendant had all the necessary knowledge of the nature and possible effect of the former case, and every reasonable opportunity to participate in the management and trial of that case, and that he did in fact so participate, and if this be true, then the instructions of the learned trial judge were correct.
It may be true, as the learned counsel for the appellant earnestly argues, that a serious mistake was made in the earlier trial, but if so, the record of that case is not now before us, and we are as powerless as the defendant to correct any such error.
The learned trial court in a most careful and painstaking charge went over each one of the various legal aspects of the case as it was presented by the record, and his reasoning, to ■our minds, so completely vindicates the conclusions he reached, that the judgment might be affirmed on that charge.
The assignments of error are all dismissed and judgment affirmed.