# Blough *v.* Lochrie et al., Appellants.

*Mines and mining—Coal lease—Royalties—Construction of contract.*

1. Where a lease of coal for a term of years provides for payment of royalty, on coal mined, of ten per cent of the selling price thereof at the mouth of the mine on a minimum of 1,000 tons per month, provided the minimum royalty shall be twenty cents and maximum thirty cents per ton and that the minimum royalty paid on coal not mined each month shall be applied on coal mined in any subsequent month, the lessor is entitled to recover the minimum royalty of twenty cents only on the coal not mined during the period for which suit was brought.

2. In such case, to limit the recovery to the minimum royalty fully protects the lessor if the coal is mined and removed later and sold for a price which would entitle him to the maximum royalty.

*Contract—Construction—Ambiguity—Understanding by parties.*

3. The acts of the parties may throw light on the understanding of the terms of a contract, but resort to such testimony is permissible only when ambiguity appears, and it does not bind one who operates under misapprehension of the facts.

*Appeals—Statement of questions involved—Application to appellate court for statement of account.*

4. Where items of debit and credit were not brought to the attention of the appellate court in the statement of questions involved, or in the oral and written arguments, and after judgment both parties apply to the appellate court for a proper settlement of the account, the judgment will be reversed and the record remitted to the court below to state an account in accordance with the views expressed in the opinion, and to enter judgment in favor of either party in such amount as may be found to be due.

Argued September 27, 1922. Appeal, No. 155, Oct. T., 1922, by defendants, from judgment of C. P. Cambria Co., June T., 1921, No. 441, on verdict for plaintiff, in case of Christ E. Blough *v.* Thomas Lochrie and J. E. Reese, trading as Tunnel Smokeless Coal Co. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit for royalties under coal lease.    Before Evans, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,453.93.    Defendants appealed.

*Error assigned,* inter alia, was refusal of judgment n. o. v.

. *Percy Allen Rose,* with him *Forest Rose,* for appellant.—Contemporary construction applies only where the contract is ambiguous: Shoemaker v. Coal Co., 270 Pa. 432.

A deed or grant must be construed most strongly against the grantor: Klaer v. Ridgway, 86 Pa. 529; Miles v. Coal Co., 250 Pa. 147; Advance Industrial Supply Co. v. Copper Co., 267 Pa. 15.

*Frank P. Barnhart,* for appellee.—If the coal was not removed within the time stated, lessee was still entitled to full royalties based on the market price of the minimum quantity of 1,000 tons, so long as there was sufficient coal in the ground. If appellant's view of the lease were to be accepted, instead of paying ten per cent of the selling price of the coal, lessee would have paid only two-thirds of that amount on unmined coal and thus reduced the rental to that extent by his own failure to mine the coal.

Where the wording is ambiguous, the contemporaneous construction of the contract by the parties themselves will be adopted by the court: Lehigh Val. Coal Co. v. Searle, 248 Pa. 385.

The court will endeavor to give a construction to a contract most equitable to the parties and which will not give one of them an unfair or unreasonable advantage over the other: Smiley v. Gallagher, 164 Pa. 498; Bickford v. Cooper & Co., 41 Pa. 142.

Opinion by Mr. Justice Sadler, January 3, 1923:

This action was brought to recover royalties claimed to be due by the defendants under the terms of a lease, and for rental of certain land occupied. The record discloses denial of liability, and a right of set-off insisted upon. A special verdict disposed of the collateral matters, and the only question now requiring consideration relates to royalty payments. There is no substantial dispute about the facts, and the case turns upon the proper interpretation of the written contract executed October 6, 1916, between the plaintiff and Reese, who thereafter assigned a one-half interest to Lochrie, his codefendant. If plaintiff, Blough, is entitled to a minimum royalty of thirty cents on unmined coal, under the terms of his agreement, then the judgment entered must be sustained. On the other hand, if the charge should be on the basis of twenty cents, no recovery in this action can be had.

The contract gave to Reese the right to mine two veins of coal, operation of one to begin in six months, and the other in three and one-half years. It is the sixth section, providing for the payment of rents, which gives rise to the present contention. For a proper understanding of the controversy, it is necessary to quote the first part thereof: "Sixth. The lessee agrees to pay to the lessor in cash for each and every ton of coal mined from the demised premises a royalty of ten (10) per cent of the selling price of the said coal at the mouth of the mine; provided, however, that the minimum per ton of twenty-two hundred and forty (2240) pounds shall be twenty (20) cents and the maximum per ton of twenty-two hundred and forty (2240) pounds shall be thirty (30) cents. The lessee agrees to pay a minimum royalty on one thousand (1,000) tons per month during the first year and after that a minimum royalty of one thousand (1,000) tons per month, on the said C-Prime or Cement seam, the said minimum royalty to start six (6) months after the date hereof; and the lessee agrees to pay a

minimum royalty on one thousand (1,000) tons per month on the said 'B' or Miller seam, said minimum royalty to start three and one-half (3½) years after the date hereof. Provided, however, if the lessee shall commence to mine and ship said C-Prime or Cement vein at any time before (6) months from the date hereof, or if the lessee shall commence to mine and ship the 'B' or Miller seam at any time before three and one-half (3½) years from the date hereof, that then in such event or events the said minimum rates shall begin to run when the mining and shipping of said coal shall commence. If in any month the lessee shall mine less than the amount of tonnage as above provided during each month, the minimum royalty paid on coal not mined during such month shall be applied on coal mined in any subsequent month."

The learned court below, in view of the fact that coal had been selling for $3 per ton, came to the conclusion that the ten per cent of such value, or thirty cents, should be the measure of liability, whether the coal was mined or unmined. Its view rests on the construction of the clause quoted, holding that the minimum tonnage named merely fixed the lowest amount of coal to be paid for, but also finding the price was to be calculated on the basis of the sums realized by sales. It so held, notwithstanding the reference to the latter is in terms limited in the opening sentence to "coal mined." Further, it is expressly stated the "minimum per ton of twenty-two hundred and forty (2240) pounds shall be twenty (20) cents."

The second portion of the same paragraph is pointed to as indicating the intention of the parties. There it is said as follows: "It is expressly provided, however, that when the lessee shall have paid the royalty in accordance with the provisions of this agreement on all coal mined, and also on all coal which may not have been mined and removed by the lessee, which the lessee is entitled to mine and remove under the terms of this

agreement, all obligations of the lessee to pay royalty shall thereupon cease and determine." It is then directed if the royalties shall at any time have been paid in excess of that due for coal mined and the estimated amount of all remaining unmined, then no charge shall be made for any subsequently taken out, unless in excess of the estimate. It is therefore argued that if the contention of the defendant as to minimum royalty is sustained, it could pay for the estimated tonnage in the ground on the basis of twenty cents, and subsequently mine and sell at a price in excess of $2 per ton, thus depriving the lessor of rentals contemplated by the agreement.

The fallacy of this argument is apparent when the former portion of paragraph six is considered. It provides, if the minimum tonnage is not mined in any month the royalty paid shall be "applied" on coal removed in "any" subsequent month. The agreement does not say that the sum paid shall give to the lessee the right to mine later without payment of an additional sum if the ten per cent of sale price shall be in excess of twenty cents but merely that the sum advanced shall be a credit upon the amount becoming due, the excess, if any, being collectible when the sales are made. To limit the present recovery to the minimum royalty named in the contract fully protects the lessor if coal is removed later and sold for a price which would entitle him to a larger sum. At the same time it prevents injustice to the lessee, who, if the court below is correct, will be required to pay a royalty of thirty cents on the unmined coal, and subsequently may be compelled to sell the same when mined at a sum justifying a less royalty.

An effort was made to explain the language used, by the testimony of one of the defendants, who said that for fourteen months thirty cents was paid as the minimum royalty. It is, of course, true that the acts of the parties may throw light on their understanding of the terms employed (Lehigh Val. Coal Co. v. Searle, 248 Pa. 385; McKeever v. Westmoreland Coal Co., 219 Pa. 234), but

resort to such testimony is permissible only when am-
biguity appears (Corona C. & C. Co. v. Dickinson, 261
Pa. 589; Greek v. Wylie, 266 Pa. 18), and does not bind
one who operates under misapprehension of the facts:
Sternbergh v. Brock, 225 Pa. 279. In the present in-
stance, the payment was the result of misunderstanding,
and ceased when opportunity presented itself to examine
the contract. The evidence offered, taken at its strong-
est, as stated in effect by the court below, was not so
clear as to show an interpretation of the terms of the
agreement by the acts of the lessee. It can have no effect
in this proceeding.

Viewing the contract in all of its parts, as is necessary
to a proper finding of the intention of the parties (Hen-
ingkamp v. Valley Smokeless Coal Co., 274 Pa. 186), and
giving to the words used their plain and ordinary mean-
ing (Mt. Lookout Coal Co. v. Schooley, 271 Pa. 539), we
find no difficulty in determining the minimum royalty
allowable was twenty cents. If a real doubt existed, it
would be resolved against the lessor (Advance Industrial
Supply Co. v. Copper Co., 267 Pa. 15; Miles v. N. Y. S.
& W. Coal Co., 250 Pa. 147; Todd v. Wheeler, 194 Pa.
213), but the application of this rule is not required here.

Only one assignment of error, the sixth, complaining
of the refusal to enter judgment non obstante veredicto,
need be considered, and it is sustained.

In this case, we are advised by the statement of ques-
tions involved, and the oral and written arguments, that
the only matter to be passed upon was the amount of
minimum royalty chargeable under the lease in dispute,
and if the rate was fixed at twenty instead of thirty cents,
judgment should be for the defendant, which order was
finally entered. The appellee now claims that a proper
settlement of all accounts between the parties will show
a balance in its favor of $265.53, and asks that a judg-
ment for this amount be here entered. On the other
hand, the appellants, insist they are entitled to a cer-
tificate for $714.42. These disputes, as to items of debit

and credit can be more satisfactorily disposed of by the court below.

The judgment is reversed at the cost of the appellee, and the record is remitted to the court below to state an account in accordance with the views expressed in the opinion filed in this case, and to enter judgment in favor of either party in such amount as may be found to be due.