## Berke *v.* Bregman, Appellant.

Argued November 27, 1961. Before BELL, C. J., JONES, COHEN, EAGEN and ALPERN, JJ.

*Walter E. Knecht, Jr.,* for appellant.

*Harry Norman Ball,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 2, 1962:

This is an appeal from a judgment of the court below, sitting without a jury, in favor of plaintiff-appellee, Berke, against defendant-appellant, Bregman. The judgment was on an instrument in which appellant acknowledges that he owes $23,000 to appellee; that he will make every effort to pay as soon as possible, but that, in the meantime he will liquidate the debt at $50 per week, and, finally, that "[t]his *arrangement is* without recourse."

From its face, it is apparent that this memorandum is not a negotiable instrument. The record discloses that this writing was made for the purpose of supplying a missing term to an earlier still-existing contract. Therefore, there is no question but that this instrument is supported by the consideration present in the earlier contract.

The question narrows down to the effect of the words which conclude the instrument: "This arrangement is without recourse." Appellant claimed below that as a matter of law this phrase has a fixed literal meaning which relieves him of any liability on the instrument and he, therefore, moved for judgment.

The lower court's view that these words, when they appear in a contract such as this, have no fixed meaning is correct and the court properly denied judgment on the record in favor of appellant. The rule is stated by the Superior Court that: "An examination of the authorities reveals that such words, embraced in an assignment of a nonnegotiable instrument, have no fixed

legal significance." (citations omitted), *Koch v. Hinkle,* 35 Pa. Superior Ct. 421, 433 (1908).

This same rule should apply even with greater force where, as here, there is no assignment but the phrase is sought to be applied to limit the liability of the party making the original instrument. The words "without recourse" do have a fixed technical meaning in only one area of commercial law, i.e., where an indorsement is made on negotiable paper, the indorser's liability may be disclaimed by the use of these words. Act of April 6, 1953, P.L. 3, 12A P.S. §3-414 (Uniform Commerical Code). The drafters' comments to this section properly state that, "The customary manner of disclaiming the indorser's liability under this section is to indorse 'without recourse,'" but these words do not have a fixed meaning as a matter of law in a transaction either between the *maker* and the payee of a negotiable note, or between the original *parties* to any contract or other instrument.

Since the words "without recourse" are here used in a situation not pertaining to an indorsement, they have no fixed legal significance and the lower court correctly accepted evidence to explain away the resulting ambiguity. Appellant claims that, even though he is not entitled to judgment as a matter of law, he is so entitled on the facts, since the evidence adduced shows that the words "without recourse" were intended by the parties to bar legal liability on the instrument. It is sufficient to say in response to this contention that this factual issue—this resolution of the ambiguity—was fairly and properly decided by the court below against appellant and will not be overturned when based, as here, on sufficient evidence. *Osterling v. Frick,* 284 Pa. 397, 401, 131 Atl. 250 (1925).

Moreover, if this argument were to prevail, the total import of the instrument would fail, for in one part of the instrument appellant would be admitting liability

while in another he disclaims it. The terms would then be contradictory, obscure and ambiguous. To avoid such a result the courts must render that interpretation "which makes a rational and probable agreement." *Percy A. Brown & Co. v. Raub,* 357 Pa. 271, 287, 54 A. 2d 35 (1947).

Judgment affirmed.