Gerard TOOKMANIAN

v.

SAFE HARBOR WATER POWER CORPORATION, Pennsylvania Power and Light Co., American Chain and Cable Company, Wright Hoist Division, and National Electric Coil, Division of McGraw-Edison Company.

Civ. A. No. 80–1810.

United States District Court,
E. D. Pennsylvania.

Jan. 14, 1981.

W. A. Atlee, Jr., Lancaster, Pa., for plaintiff.

J. P. Kelley, Philadelphia, Pa., for American Chain.

Rawle & Henderson, Philadelphia, Pa., for Safe Harbor Water & Power.

## MEMORANDUM

TROUTMAN, District Judge.

The Pennsylvania Workmen's Compensation Act, as amended, 77 P.S. § 481 (Supp.1979–1980), provides that a third party sued by an injured plaintiff cannot join the plaintiff's employer for damages, contribution or indemnity unless the parties have so agreed previously by contract. *See Kohr v. Johns-Manville Corp.*, 87 F.R.D. 750 (E.D.Pa.1980). Plaintiff, injured during the course of his employment, seeks recovery from several defendants, one of which joined as a third-party defendant, National Electric Coil, a division of McGraw Edison Company (NEC), his employer, now moving to dismiss. Prior to 1975, Pennsylvania law permitted joinder of the employer as an additional defendant in an action by an employee against a third-party tortfeasor. If the fact finder determined that the conduct of both the employer and third party proximately caused the employee's injury, the employee could obtain a full recovery from the third party, who could procure contribution or indemnity from the employer to the extent of the employer's statutory liability under the Act. *Winters v. Herdt*, 400 Pa. 452, 162 A.2d 392 (1960); *Socha v. Metz*, 385 Pa. 632, 123 A.2d 837 (1956); *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940).

In 1975 an amendment to this Act eliminated the employer's liability for contribution or indemnity to a third party causing the employee's injuries unless the parties had contracted therefor. *See* 77 P.S. § 481(b). NEC contends that the statute prohibits joinder of an employer in an action by an employee against a third party. Defendant Safe Harbor, opposing the motion, argues that the statute does not prohibit such joinder and does not even address the topic. True, the language of Section 481(b) does not include "joinder", but the Supreme Court of Pennsylvania has indicated that the section speaks to the "right of joinder" and that the section "obliterates" a cause of action, and "foreclose[s] the adjudication of the liability of the employer". *Bell v. Koppers*, 481 Pa. 454, 456–57, 392 A.2d 1380 (1978). In *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 518, 412 A.2d 1094 (1980) the court, sustaining the constitutionality of the amendment, held that this section

creates an exception to the general right to contribution from joint tortfeasors. Under th[e] section, a third party whose negligence is responsible, in part, for an injury suffered by an employee protected by the Workmen's Compensation Act, may not, in the suit brought by the employee against him, join the employer as an additional defendant. Nor may the third party otherwise seek contribution or indemnity from the employer, even though the employer's own negligence may have been the primary cause of the injury.

\* \* \* \* \* \*

[T]he purpose ... was to restrict the remedy available to an employee against the employer to compensation, and to

close to the employee, and to third parties, any recourse against the employer in tort for negligence.

\* \* \* \* \* \*

[This section] ... actually abolishes the right of contribution which third party tortfeasors had against employers.

The court could not have been more explicit. Clearly, the employer may not be joined in an action of this type. *Cf. Kohr v. Johns-Manville Corp.*, 87 F.R.D. 750 (E.D. Pa.1981) (employer may be joined where plaintiff includes allegations of products liability against the employer who stands in the dual capacity of plaintiff's employer and manufacturer of an allegedly defective product injuring plaintiff).

Safe Harbor relies principally upon *Yeagley v. Metropolitan Edison Co.*, No. 3316–1979 (C.P. Lebanon County, Pa., May 13, 1980), which held that a defendant may join as additional defendants plaintiff's employer in a tort action by an employee against a third person for the purpose of determining the percentage of pro rata causal negligence among defendants. The court based its conclusion upon its interpretation of the appropriate accommodation between the Pennsylvania Comparative Negligence Act of 1976, as amended, 42 Pa.Cons.Stat.Ann. § 7102, and the Workmen's Compensation Act. However, in *Yeagley* the defendant did not seek contribution or indemnification from the employer. In the case at bar Safe Harbor joined NEC, plaintiff's employer, for this very purpose, which the Supreme Court has expressly disallowed.

■ Furthermore, only decisions of a state's highest appellate tribunal bind federal courts sitting in diversity. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); *King v. Order of Travelers*, 331 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 341 (1948); *West v. AT&T Co.*, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940). The Supreme Court of Pennsylvania has indicated unequivocally that the employer may not be joined for purposes of contribution. The court decided both *Bell* and *Tsarnis* following the 1978 amendment to the comparative negligence statute.

Any incompatibility between the two statutes could have been addressed therein. Until the court rules otherwise, the clear and plain language of the state statute and the Supreme Court's opinions construing it mandate the conclusion reached here. *See Andrus v. Allard*, 444 U.S. 51, 100 S.Ct. 318, 62 L.Ed.2d 210 (1979); *Malatt v. Riddell*, 383 U.S. 569, 86 S.Ct. 1030, 16 L.Ed.2d 102 (1968).

Safe Harbor's final argument concerns the contractual liability contemplated by Section 481(b), which provides that "liability for such damages, contribution or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action". Safe Harbor contends that NEC agreed to this liability when the parties entered into a written contract for the performance of the repair work during which plaintiff's injury occurred. NEC agreed to "perform all the work and do all things necessary in a skillful and craftsmanlike manner" and to "provide all necessary rigging" and to "maintain neat and safe working conditions". Safe Harbor considers these terms of the contract as indicative of NEC's acceptance of full responsibility for the safety of the workmen. If such a duty were not imposed on NEC, concludes Safe Harbor, these contractual terms would be meaningless.

■ Generally, the plain and unambiguous words of a contract should be given their natural and ordinary meaning, *Vogel v. Tenneco Oil Co.*, 465 F.2d 563, 150 U.S. App.D.C. 383 (1972), *Hanley v. James McHugh Construction Co.*, 444 F.2d 1006 (7th Cir. 1971), *Pines Plaza Bowling, Inc. v. Rossview, Inc.*, 394 Pa. 124, 145 A.2d 672 (1958), *Foundation & Construction Co. v. Franklin Trust Co. of Philadelphia*, 307 Pa. 10, 160 A. 711 (1932), *Blough v. Lochrie*, 275 Pa. 491, 119 A. 654 (1923) and should not be twisted to create vagaries or strained to produce ambiguity where none would otherwise exist. *Gulf Oil Corp. v. Federal Power Commissioner*, 563 F.2d 588 (3d Cir. 1977), *cert. denied*, 434 U.S. 1062, 98 S.Ct. 1235, 55

L.Ed.2d 762 (1978), *Anstead v. Cook,* 291 Pa. 335, 140 A. 139 (1927). *Cf. Beck v. Borough of Manheim,* 505 F.Supp. 923 (E.D.Pa.1981) (interpreting a federal statute from the "plain language" thereof), *Mt. Joy Construction Co. v. Schramm,* 486 F.Supp. 32 (E.D. Pa.), *aff'd,* 639 F.2d 774 (3d Cir. 1980) and *Mikkilinenni v. United Engineers & Constructors, Inc.,* 485 F.Supp. 1292 (E.D. Pa.1980) (interpreting federal regulations from the "plain language" thereof). A construction which seems rational, probable and resulting in consequences which a prudent person would make will be preferred. *National Surety Corp. v. Western Fire & Indemnity Co.,* 318 F.2d 379 (5th Cir. 1963), *Unit Vending Co. v. Lacas,* 410 Pa. 614, 190 A.2d 298 (1963), *Berke v. Bregman,* 406 Pa. 142, 176 A.2d 644 (1962). Undoubtedly, NEC had a duty "to keep the workplace safe and free from unreasonable danger and unnecessary risk". *Meuller v. Jeffrey Manufacturing Co.,* 494 F.Supp. 275, 278 (E.D.Pa.1980), affirmed (3d Cir. 1981). The contractual language in question simply acknowledges this duty; it does not waive the employer's total immunity from third-party actions. *See Arnold v. Borbonus,* 257 Pa.Super. 110, 390 A.2d 271 (1978) and *Hefferin v. Stempkowski,* 247 Pa.Super. 366, 372 A.2d 869 (1977).

Furthermore, a waiver of rights must be knowingly and intelligently made, *Engle v. Shapert Construction Co.,* 443 F.Supp. 1383 (E.D.Pa.1978), and will not be inferred absent evidence of an intent to relinquish this immunity. *Boyer v. American Casualty Co.,* 332 F.2d 706 (2d Cir. 1964). *See also D. H. Overmyer Co. v. Frick Co.,* 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). Finally, Safe Harbor's argument squarely contradicts the wording of the statute, which provides that the waiver "shall be *expressly* provided for in a written contract". Safe Harbor points to no such *express* language in the contract; none can or will be implied. Accordingly, the motion of NEC to dismiss the third-party complaint will be granted.