Theresa RONN

v.

NATMAR, INC.

Civ. A. No. 81–0629.

United States District Court,
E. D. Pennsylvania.

July 10, 1981.

Marvin I. Lessin, Philadelphia, Pa., for plaintiff.

Emil F. Toften, Chalfont, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

Defendant moves to join plaintiff's employer as a third-party defendant for purposes of comparing negligence. Whether Pennsylvania law allows such joinder is a matter of some controversy. I agree with those opinions holding that joinder is improper. See Halpin v. Duomatic Electronics Corp., C.A. No. 80–1944 (E.D.Pa. July 2, 1981) (Pollak, J.); Binkley v. A & M Machinery Co., C.A. No. 80–1006 (E.D.Pa. May 27, 1981) (Fullam, J.); Tookmanian v. Safe Harbor Water Power Corp., 505 F.Supp. 920 (E.D.Pa.1981) (Troutman, J.); Lawless v. Central Engineering Co., 502 F.Supp. 308 (E.D.Pa.1980) (Newcomer, J.); Schwarzl v.

Philadelphia Gas Works, 16 Pa.D. & C.3d 694 (C.P.1980) (Forer, J.). Accordingly, defendant's motion will be denied.

In addition, I note that the "essential thrust of the decisions permitting joinder," Binkley slip op. at 4, presents a special problem in federal court. The argument for joinder is to allow determination of the employer's workmen's compensation subrogation right to any recovery by plaintiff from third parties. This can be viewed as a declaratory judgment claim by plaintiff that his employer is not entitled to subrogation. A federal jurisdictional problem arises because employee and employer often have the same citizenship. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1975), raises the possibility that impleader, even if proper under state law, would destroy federal jurisdiction.