## Coatman v. Lower Allen Leisure Enterprises

20

*James D. Flower, Jr.,* for plaintiffs.

*Edward E. Knauss, IV,* for defendant Lower Allen Leisure Enterprises.

*Robert J. Stewart,* for defendant Wohlsen Construction Co.

*James K. Thomas, II,* for defendant Bortner Bros., Inc.

*Thomas J. Williams,* for defendant Mueller-Potteiger, Inc.

BAYLEY, *J.,* January 17, 1985—This case arises out of a December 5, 1978, accident during the construction of the Alpha Racquetball Club in Lower Allen Township in Cumberland County. Plaintiff's complaint filed on October 3, 1980, named as defendants, Alpha Racquetball, Inc., the alleged owner of the premises; Wohlsen Construction Co., the general contractor; Bortner Bros., Inc., the plumbing contractor, and Roland Nissley, the architect.

Plaintiff, Lester R. Coatman, was an employee of Mueller-Potteiger, Inc., the roofing contractor, when he was injured while working on the Alpha job in the course of his employment. Bortner Bros. attempted to join Mueller-Potteiger as an involuntary plaintiff. This court, in an opinion and order of March 8, 1983, 33 Cumb. L.J. 238 relying on Kelly v. Carborundum Co., 307 Pa. Super. 361, 453 A.2d

624 (1982), dismissed the petition for joinder on the basis that Mueller-Potteiger was immune from suit under the Pennsylvania Workmen's Compensation Act.

In an opinion and order of February 10, 1984, this court granted plaintiffs leave to amend their complaint to name Lower Allen Leisure Enterprises as a defendant. Plaintiffs then filed an amended complaint, identical in all aspects to the original complaint, except that the name "Alpha Racquetball, Inc." was deleted as a defendant, and Lower Allen Leisure Enterprises was substituted therefor. The architect, Roland Nissley, was not named in this amended complaint since he had already been granted a summary judgment by an order of this court dated April 6, 1982.

Defendant Lower Allen Leisure Enterprises then filed an additional defendant complaint against Mueller-Potteiger, Inc., and the Cumberland County Industrial Development Authority, the alleged legal owner of the land*. The theory of liability alleged against Mueller-Potteiger, Inc., is contractual indemnity; it is averred that the purchase order "agreement" between Mueller-Potteiger, Inc., and Wohlsen, the general contractor, contains a provision which incorporates by reference all the provisions of Wohlsen's contract with Lower Allen Leisure Enterprises, including the indemnity provision therein.

Mueller-Potteiger, Inc., has filed preliminary objections to this additional defendant complaint which includes a demurrer on the theory that it is immune from suit in connection with this work-related injury of its employee, plaintiff, Lester R.

---

*The action brought against the authority has since been discontinued.

Coatman, notwithstanding the provisions of its contract with Wohlsen and Wohlsen's contract with Lower Allen Leisure Enterprises.

## DISCUSSION

The interpretation of written documents is a matter of law for the court. Onofrey v. Wolliver, 351 Pa. 18, 40 A.2d 35 (1944). The documents upon which we can determine whether or not there is an indemnification agreement whereby Mueller-Potteiger, Inc., could be held into this case, notwithstanding their status as an employer of plaintiff, have been made part of the record in the pleadings. Accordingly, we are in a position to rule on Mueller-Potteiger's demurrer.

A demurrer admits all inferences fairly deducible from the facts pleaded but not conclusions of law. Chorba v. Davlisa Enterprises, Inc. 303 Pa. Super. 497 (1982). The test of a demurrer as set forth by the Supreme Court in Firing v. Kephart, 466 Pa. 560, 353 A.2d 833 (1976), is:

"[w]hether it is clear and free from doubt from the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief."

The applicable sections of the Workmen's Compensation Act at 77 P.S. §481 (a) and (b) provide:

"Section 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party.

(a) the liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependants, next of kin or anyone otherwise entitled to damages in any action at law on account of any injury or death as defined

in §301(c)(1) and (2) or occupational disease as defined in §108.

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, *unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable to the date of the occurrence which gave rise to the action.* (Emphasis added.)

The contract between the owner, Lower Allen Leisure Enterprises, and the general contractor, Wohlsen Construction Company, provides that:

"[T]he contractor shall indemnify and hold harmless the owner from and against all claims, etc., arising out of or resulting from the performance of the work attributable to bodily injury caused in whole or in part by any negligent act or ommission of the contractor, any subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by the party indemnified hereunder."

The subcontractor between the general contractor, Wohlsen, and its subcontractor, Mueller-Potteiger, Inc., provides:

"6. You hereby acknowledge that opportunity has been given to you to acquaint yourself fully with the contract between Wohlsen Construction Company

and the owner and accompanying specifications and drawings, and, accordingly and to the extent that the said contract specifications and drawings apply to or involve the work and materials to be done or supplied by you, *you agree to and shall be bound by the terms and provisions of the said contract, specifications and drawings as though they were physically incorporated in this document.* (Emphasis added.)

Because the subcontractor refers to the general contract between Wohlsen and Lower Allen Leisure, and contains language whereby Mueller-Potteiger agrees to be bound by the terms and provisions of the general contract as though it was physically incorporated into the subcontract, Lower Allen maintains that Mueller-Potteiger was assuming the role of "the contractor" with respect to the indemnity clause in the general contract. Mueller-Potteiger maintains that the above-cited contractual provisions upon which Lower Allen Leisure relies in its claim of indemnity against it, are insufficient to show that it has expressly agreed to indemnify Lower Allen Leisure under the Pennsylvania Workmen's Compensation Act, 77 P.S. §481(b) so as to fall within the limited waiver of immunity provision therein. We agree. Since there are no factual issues that need be submitted to a jury in order to resolve this dispute, a demurrer is entered.

In Pennsylvania, indemnification clauses are generally not favored by the law and are subject to a strict construction compelling an interpretation against the party seeking their protection. Dilks v. Flohr Chevrolet, 411 Pa. 425, 192 A.2d 682 (1963). No permissible inferences from words of general import can establish an express assumption of potential liability. Pittsburgh Steel Co. v. Patterson-Emerson Comstock, Inc., 404 Pa. 53, 171 A.2d 185

(1961). See Lackie v. Niagara Machine & Tool Works, 559 F. Supp. 377 (1983).

In Potts v. Dow Chemical Co., 272 Pa. Super. 323, 415 A.2d 1220 (1979), defendant sought to join plaintiff's employer as an additional defendant. The complaint was predicated upon an indemnification agreement which assertively waived, pursuant to 77 P.S. §481(b), the Workmen's Compensation Act's protection against such a joinder. The indemnification clause purported broadly to require indemnification from all liability except that "directly resulting . . .solely" from its own negligence. Construing the indemnification language in light of the applicable provisions of the compensation act, the Superior Court noted that contracts for indemnification must expressly provide for such damage as suffered by the plaintiff. Since the language in that case did not meet this test, the court declined to give it any effect. See also Tookmanian v. Safe Harbor Water Corp., 505 F. Supp. 920 (1981).

The incorporation provision in the subcontract in the instant case does not even mention "indemnification of Lower Allen Leisure Enterprises, let alone expressly provide that Mueller-Potteiger assumes indemnification of the type of loss involved here. Wohlsen in its general contract with the owner, Lower Allen Leisure, agreed to indemnify Lower Allen Leisure for the negligence of itself and any subcontractor, i.e., such as Mueller-Potteiger, Inc., even if the negligence was caused in part by the owner, Lower Allen Leisure. The subcontract between Wohlsen and Mueller-Potteiger provides that Mueller-Potteiger agrees to be bound by the terms and provisions of the general contract, including the specifications and drawings with Lower Allen Leisure, as though they were physically incorporated into the subcontract. Mueller-Potteiger was not en-

tering into an express indemnification agreement for the benefit of Lower Allen Leisure in its subcontract with Wohlsen Construction; rather it was agreeing to do the actual construction of the roof on the Alpha building in conformity with Wohlsen's contract specifications with Lower Allen Leisure. At most, Mueller-Potteiger merely acknowledged in the subcontract that the general contractor, Wohlsen, had agreed to indemnify Lower Allen Leisure for its, Wohlsen's, negligence or, for that matter, Mueller-Potteiger's negligence, even if such negligence was caused in part by Lower Allen Leisure.

If Wohlsen Construction had wanted an indemnification agreement from Mueller-Potteiger to indemnify Wohlsen from any claims of negligence from the owner or any other party made against it for its negligence, it could have conceivably contracted with Mueller-Potteiger for same. It is hard to imagine a subcontractor agreeing to such a provision. Mueller-Potteiger, as the subcontractor, made no contract with Wohlsen Construction or, for that matter, Lower Allen Leisure, whereby it expressly agreed to indemnify Lower Allen Leisure for the negligence of Wohlsen Construction. What it did do was expressly agree to indemnify Wohlsen from liability for the negligence of its own employees and agents. Referring to Mueller-Potteiger, the subcontractor provided:

"It is acknowledged and agreed that you are independent contractor and are solely liable for the acts and negligence, if any, of your employees, agents and of yourself, and you agree to save us safe and harmless from any claim or liability thereof (sic)."

Accordingly, the alleged intent of the parties upon which Lower Allen Leisure asks us to infer that Mueller-Potteiger assumed the role of "the contrac-

tor", in the incorporation clause of the general contract, falls far short of the express assumption of liability required for indemnification by an employer under the Pennsylvania Workmen's Compensation Act.

In Hall v. Goodman Co., 465 Pa. Super. 310, 456 A.2d 1029 (1983), plaintiff Hall, an employee of Sears Roebuck Company, was injured when he slipped on ice in a parking lot of a shopping mall operated by Goodman Company. The property was owned by Granite Run Mall, Inc., which had a written lease with Sears containing an indemnification provision. Sears was allegedly responsible for snow removal. Goodman Company, the operator of the Mall, attempted to join Sears as an additional defendant based on the indemnification provision of the lease between Sears and Granite. Sears preliminary objections were sustained by the trial court and affirmed by the Superior Court on the following rationale:

"In the case involving Goodman, Sears raised its contention that it could not be joined as an express indemnitor by way of a preliminary objection in the nature of a demurrer. Sears alleged in its demurrer that it could not be joined as a matter of law since there was no written indemnity agreement between it and Goodman.

"In its Complaint to join Sears, Goodman relied solely on the lease between Sears and Granite and the indemnity clause found therein. Although Goodman admitted that the contract was between Sears and Granite, Goodman contended that, as the 'beneficial owner' of the Mall, it was a third party beneficiary of the contract and therefore had a right to enforce the indemnity clause against Sears. This argument is without merit.

"Under §303 of the Workmen's Compensation Act it is clear that an employer may not be liable to a third party for indemnity unless such liability is *expressly* provided for in a written contract. It is undisputed that no writing exists which expressly provides for Sears' indemnity of Goodman." (Emphasis in original.)

Hall v. Goodman supports Mueller-Potteiger's position because the incorporation clause in this subcontract does not constitute an express agreement by Mueller-Potteiger to indemnify Lower Allen Leisure.

In Dressler v. CECO Joist Corp., et al. v. Steel Erectors, Inc., 105 Dauph. 183 (1984), Dressler, an employee of Steel Erectors, was injured in a construction accident and brought suit against several named defendants. Three of the named defendants filed additional defendant complaints against Steel Erectors, Inc., alleging the existence of an indemnity provision in the contract between Steel Erectors and Stewart-Amos Steel, one of the named defendants. The court, citing Hall v. Goodman, supra, permitted the Additional Defendant Complaint brought by Stewart-Amos Steel since they contracted directly with Steel Erectors, but dismissed additional defendant complaints filed by the other defendants since they had no direct relationship with Steel Erectors.

Likewise, the incorporation provision in the instant case does not constitute the express agreement of Mueller-Potteiger to indemnify Lower Allen Leisure where there is no contractual relationship between those entities.

Therefore, for the foregoing reasons, the following is entered

## ORDER OF COURT

And now, this January 17, 1985, the preliminary objection in the form of a demurrer by Mueller-Potteiger, Inc., to the additional defendant complaint filed against it by Lower Allen Leisure Enterprises is sustained. The complaint is dismissed.