343 S.E.2d 339 (1986)
BANKERS CREDIT SERVICE OF VERMONT, INC.
v.
James A. DORSCH.
Record No. 830231.
Supreme Court of Virginia.
April 25, 1986.
*340 Stephen W. Robinson (Boothe, Prichard & Dudley, McLean, on briefs), for appellant.
E. Robert Giammittorio (Delaney, O'Brien & Giammittorio, Alexandria, on brief), for appellee.
Present: All the Justices.
STEPHENSON, Justice.
Bankers Credit Service of Vermont, Inc. (Bankers Credit), brought this action against James A. Dorsch on a note executed by Dorsch in favor of Bankers Credit. In a bench trial, the trial court found that Dorsch's note created only a "conditional promise to pay," that the parties intended to "limit [Dorsch's] liability[,] ... and that [Bankers Credit] would look to the land only for payment." The dispositive issue on appeal is whether the evidence is sufficient to support the trial court's findings.
In 1971, Dorsch borrowed $7,225 from Bankers Credit to purchase an interest in certain undeveloped land in Vermont. Dorsch executed a promissory note in favor of Bankers Credit which provided for 84 monthly payments. The land developer, after experiencing serious financial difficulties, declared bankruptcy. Thereafter, in 1973, Dorsch ceased making payments on the note.
Approximately six years later, in February 1979, Bankers Credit made its first demand for payment from Dorsch. Susan Bausewein, a Bankers Credit representative, wrote Dorsch demanding that he pay the entire balance due or execute a new note to be secured by a first mortgage on Dorsch's property.
On June 7, 1979, Dorsch wrote to Bankers Credit stating that "[i]n confirmation of [their previous] conversations and correspondence," he would pay the delinquent property taxes and receive from Bankers Credit "title and a deed" to the property. Dorsch's letter continued:
I will sign a non-recourse note in the amount of approximately $7,341.43 to be repaid at the rate of 12% simple interest with no penalty for prepayment over a period of ten years, or approximately $100 a month, without the life insurance option.
(Emphasis added.)
In response, Bankers Credit sent to Dorsch for his signature a preprinted note in the amount of $7,342. Dorsch amended the note by crossing out certain provisions and, above his signature, added the language "WITHOUT RECOURSE per UCC 3-413(2)."
On July 13, 1979, Dorsch signed and returned the amended note to Bankers Credit. In his letter accompanying the note Dorsch stated: "Enclosed per our agreement, is my signed non-recourse note and first payment of $105.31." (Emphasis added.) Bankers Credit accepted Dorsch's amended note and payment and, according to their agreement, mailed to him a quitclaim deed to the property.
Thereafter, Dorsch discovered that the land was not capable of development and discontinued making the required payments. He refused Bankers Credit's demand for payment, denying personal liability on the obligation. Dorsch offered, and continues to offer, to reconvey the property to Bankers Credit.
Bankers Credit first argues that, because UCC § 3-413(2) applies only to draft instruments, the language "WITHOUT RECOURSE per UCC 3-413(2)" is not applicable when used by a maker of a note. We agree with Bankers Credit that UCC § 3-413(2) applies only to drafts and not to notes. Nevertheless, the parties used this language, thereby creating an ambiguity requiring resolution. Thus, the trial court correctly heard parol evidence, without objection, to determine the true meaning the *341 parties intended by this language. See Berke v. Bregman, 406 Pa. 142, 144, 176 A.2d 644, 645 (1962) (Because the words "without recourse" were used by the maker of an instrument, "they have no fixed legal significance and the lower court correctly accepted evidence to explain away the resulting ambiguity.").
Accordingly, we need address only Bankers Credit's argument that the evidence does not support the trial court's finding that the parties intended to limit Dorsch's liability. In order for an agreement to be binding, the parties must have assented to its terms. This assent, however, need not be communicated by express words but may be inferred from the conduct of the parties. Durham v. Pool Equipment Company, 205 Va. 441, 445, 138 S.E.2d 55, 58 (1964). As the fact finder, the trial court determines the credibility of the witnesses and the weight of their testimony; its findings, therefore, will not be disturbed on appeal unless plainly wrong or without evidence to support them. Code § 8.01-680; Schneider v. Commonwealth, 230 Va. 379, ___, 337 S.E.2d 735, 737 (1985).
It is clear that Dorsch negotiated with Bankers Credit to limit his personal liability with a "non-recourse note." Dorsch's letter of June 7, 1979, which confirmed the parties' previous conversations, expressly provided that he would execute a "non-recourse note." Dorsch inserted over his signature on the note the statement, "WITHOUT RECOURSE per UCC 3-413(2)." In addition, Dorsch wrote in the cover letter that he was enclosing a "non-recourse note."
Bankers Credit accepted Dorsch's note as presented and his payments thereon. According to their agreement, Bankers Credit forwarded to Dorsch a deed to the property. It never objected to, nor even questioned, Dorsch's insertion of the nonrecourse language. Evidence of such conduct supports the factfinder's conclusion that Bankers Credit assented to limiting Dorsch's liability on the note. Accordingly, the judgment will be affirmed.
Affirmed.