392 A.2d 1380

**Walter E. BELL and Marguerite Bell, his wife, Lura Foster, Administratrix of the Estate of Ben Foster and Rebecca May, Administratrix of the Estate of John Eddie May,**

v.

**KOPPERS CO., INC., Allied Chemical Corporation, Appellants, and Salem Corporation**

v.

**UNITED STATES STEEL CORPORATION, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 21, 1978.

Decided Oct. 27, 1978.

Thomas J. Reinstadtler, Avrum Levicoff, Egler & Reinstadtler, Pittsburgh, for Koppers Co., Inc.

James R. Hartline, Thomson, Rhodes & Grigsby, Pittsburgh, for Allied Chemical Corp.

Richard F. Lerach, Pittsburgh, for U. S. Steel Co.

Herbert B. Conner, Dickie, McCamey & Chilcote, Pittsburgh, for Salem Corp.

John Alan Conte, Conway, David L. Lichtenstein, Pittsburgh, for Walter E. Bell, et ux.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

Plaintiff, employees of United States Steel Corporation, filed suit on August 25, 1976, against appellants, Koppers Co., Inc., and Allied Chemical Corporation, and co-defendant Salem Corporation for personal injuries and/or wrongful deaths caused by occupational exposure to substances emitted by coke ovens at the premises of United States Steel Corporation. Appellant, Koppers, filed a third party complaint against appellee, United States Steel (USS) seeking contribution or indemnity. USS filed Preliminary Objections in the nature of a demurrer contending its joinder was precluded by the amended Section 303 of the Pennsylvania Workmen's Compensation Act, Act of Dec. 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b) (Supp.1978–79). The Preliminary Objections dismissing appellee from the suit were sustained and that decision was affirmed per curiam, with one dissent, by the Superior Court. 253 Pa.Super. 590, 384 A.2d 980 (1978). We granted appellants' Petitions for Allowance of Appeal on June 2, 1978 and this appeal followed.

The Agreed Statement of the Record sets forth the following facts. At all times material to the initial suit, plaintiffs or their decedents were employed by appellee at its Clairton Coke works. Within the scope of their employment, plaintiffs had occasion to work in close proximity to coke ovens designed, constructed and installed by appellants. Plaintiffs were exposed to certain substances emitted from the coke ovens over an extended period of time and allegedly as a result developed lung cancer. The parties all agree that the injuries occurred before February 3, 1975.

Prior to February 5, 1975, Pennsylvania law permitted a third party sued by an injured employee to obtain contribution or indemnity from the employer to the extent of the latter's statutory compensation limits. *Socha v. Metz*, 385 Pa. 632, 123 A.2d 837 (1956); *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940). However, on February 5, 1975, an amendment to The Pennsylvania Workmen's Compensation Act, Act of Dec. 5, 1974, P.L. 782, No. 263, § 6, became effective. This amendment is hereinafter referred to as Section 303 and provides:

"In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." 77 P.S. § 481(b) (Supp. 1978–79).

Although the injuries in the instant case occurred prior to the amendment's effective date, the suit itself was not initiated until after this date. The trial court therefore reasoned that since the amended Section 303(b) gave the employer complete immunity from suit that it was in keeping with the intentions of the General Assembly to bar the joinder of appellee where the suit was filed subsequent to the Act's effective date. We disagree.

The Statutory Construction Act states:

"No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S.A. § 1926 (Supp.1978–79).

While the Statutory Construction Act makes no distinctions based on the type of statute, this Court has distinguished between statutes affecting procedural matters and those altering substantive rights. *Misitis v. Steel City Piping Co.*, 441 Pa. 339, 272 A.2d 883 (1971); *Farmers Nat'l Bank & Trust Co. v. Berks Co. Real Estate*, 333 Pa. 390, 5 A.2d 94 (1939). Statutes relating to procedural matters have been held applicable to cases filed after the effective date, *Sussman v. Yaffee*, 443 Pa. 12, 275 A.2d 364 (1971), but when substantive rights are involved, the applicable law must be that which is in effect at the time the cause of action arises. *Misitis v. Steel Piping Co., supra.* We realize that the terms substantive and procedural are not easily defined; yet in the case we decide today, we have no doubt that the appellants' rights rise to the level of being substantive.

Of course, at first blush, appellants' right of joinder may appear to merely be a procedural issue. However, by disallowing such joinder Section 303(b) also denies appellant any right of contribution or indemnity from appellee. The law of contribution and indemnity has been recognized as substantive in nature. *Howey v. Yellow Cab Co.*, 181 F.2d 967 (3d Cir. 1950), *affirmed* 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523.

Section 303(b) of the Workmen's Compensation Act more than alters, it obliterates, a cause of action. Prior to this amendment, the third party defendant was able to join the employer and present evidence to a jury concerning the employer's negligence. This evidence might exonerate the third party from all liability by proving the employer's negligence alone had caused the injury or it might result in a determination that the employer and third party were jointly liable. However, the enactment of Section 303(b) has foreclosed the adjudication of the liability of the employer. *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977).

Appellee argues that even if Section 303(b) applies only prospectively it still is of benefit to them because the plaintiff in the tort action did not file his complaint until August

25, 1976, which was after the effective date of the amended Section 303. This is important, according to appellee, because until appellants were sued by plaintiff they had no claim against appellee for contribution and indemnity. This simplistic approach ignores the fact that any liability on the part of appellee for contribution or indemnity to appellant would have to be based upon appellee's own negligent conduct which occurred, if at all, prior to the effective date of Section 303. There is no indication in the statute that the legislature "clearly and manifestly" intended Section 303 to apply when the date of the alleged negligence conduct and the injuries themselves occurred prior to the effective date. Indeed, in the last clause of this section the legislature focused on the date of the injury when it provided an exception to the employer's immunity where "liability . . . shall be expressly provided for in a written contract entered into by the party . . . *prior to the date of the occurrence which gave rise to the action.*" (Emphasis added.) The legislature did *not* use the time frame of "prior to the time the *action was filed.*"

Although this Court determines Pennsylvania law, our decision today is in accord with numerous federal decisions which in interpreting Pennsylvania law, have considered this precise issue and have refused to apply Section 303(b) to cases where plaintiffs' injuries occurred prior to February 5, 1975 but the suit was filed subsequent to this date. *Atkins v. Blaw Knox Foundry and Mill Machinery, Inc.*, 431 F.Supp. 369 (W.D.Pa.1977); *Wesolowski v. Rhoades*, 416 F.Supp. 1052 (E.D.Pa.1976); *Brescia v. Ireland Coffee-Tea, Inc.*, 412 F.Supp. 488 (E.D.Pa.1976); *Clark v. Essex Internat'l, Inc.*, 410 F.Supp. 215 (E.D.Pa.1976); *Browne v. Wheel-Horse Products, Inc.*, 408 F.Supp. 415 (E.D.Pa.1976).

■ Finally, this Court did not consider appellant's Koppers' argument that the plaintiffs' claims are not within the definition of occupational disease under the Workmen's Compensation Act, 77 P.S. § 27.1(n). The failure of appellant to properly raise this issue either before the trial court or Superior Court precludes us from considering it today.

*Commonwealth v. National Federation of the Blind*, 471 Pa. 529, 370 A.2d 732 (1977); *Keystone Building Corp. v. Lincoln Sav. & Loan Assn.*, 468 Pa. 85, 360 A.2d 191 (1976).

The orders of the trial court sustaining the preliminary objections of appellee and of the Superior Court affirming the trial court are hereby reversed and this case is remanded to the trial court for further proceedings.

POMEROY, J., did not participate in the decision of this case.