412 A.2d 1094

Xenophon TSARNAS,

v.

JONES & LAUGHLIN STEEL CORPORATION,
Eichleay Corporation.

WHITEHEAD & KALES COMPANY, Appellant,

v.

AVALOTIS PAINTING COMPANY, INC.

Supreme Court of Pennsylvania.

Argued Sept. 25, 1979.

Decided March 20, 1980.

514

Paul D. Kruper, Stein & Winters, Wm. R. Tighe, Jr., William John Chapas, Baskin & Sears, Pittsburgh, for appellant.

James A. Beinkemper, Wayman, Irvin & McAuley, Pittsburgh, for appellee.

John F. McElvenny, Patrice A. Toland, Philadelphia, for amicus curiae.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Xenophon Tsarnas sustained personal injuries during the course and scope of his employment with Avalotis Painting Company, Inc. (employer), the alleged injuries having resulted from an accident which occurred at the Jones & Laughlin Steel Corporation Plant at Aliquippa, Pennsylvania. He filed a complaint in trespass against Jones & Laughlin Steel Corporation, Eichleay Corporation and Whitehead & Kales Company (W&K) alleging that the accident occurred when a vertical steel sag bar became detached from its fasteners, causing him to fall and sustain serious injuries. W&K then filed a complaint to join the employer as an additional defendant alleging that the employer was either solely liable, jointly and severally liable, or liable for contribution on the cause asserted. The employer filed preliminary objections to the third party complaint contending that the proposed joinder was barred by Section 303(b) of the Workmen's Compensation Act.[1] At argument before the Court of Common Pleas of Allegheny County, W&K argued that Section 303(b) was unconstitutional. That Court, concluding that the Opinion of the Superior Court in *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977) had established the constitutionality of that section, sustained the preliminary objections and entered judgment for the employer. On appeal to the Superior Court, the judgment was affirmed by an equally divided court. Because of the serious constitutional questions involved, and the far-reaching effects our decision will have, we granted allocatur.

1. Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b) (Supp.1978–79).

Appellant (W&K) argues that Section 303(b) is unconstitutional because (1) it violates Article I, Section 11 of the Pennsylvania Constitution in denying a third party the opportunity to present its claims for contribution or indemnity to the courts; (2) it violates Article III, Section 18, which prohibits the Legislature from imposing a maximum dollar limitation on the amount of damages that are otherwise recoverable in law and (3) it violates the equal protection clause of the Fourteenth Amendment to the U. S. Constitution, by establishing unreasonable and arbitrary classifications.

Section 303(b) of the Act provides:

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

In *Hefferin,* supra, the Superior Court held that this amendment granted employers total immunity from third party actions. See *Arnold v. Borbonus,* 257 Pa.Super. 110, 390 A.2d 271 (1978). However, the Superior Court in *Hefferin* did not address the constitutionality of the Act.

 Prior to the passage of Section 303(b), our law permitted the joinder of the employer as an additional defendant in a suit by an employee against a third party tortfeasor on the basis of joint liability or liability over. If it were determined that both the employer and the third party were responsible for the employee's injury, the employee could obtain a full recovery from the third party, but

the third party could also obtain contribution or indemnity from the employer to the extent of the employer's statutory liability under the Workmen's Compensation Act. *Winters v. Herdt*, 400 Pa. 452, 162 A.2d 392 (1960); *John W. Brown, Jr. Equipment Rental Corp. v. Dickey*, 397 Pa. 454, 155 A.2d 836 (1959); *Socha v. Metz*, 385 Pa. 632, 123 A.2d 837 (1956); *McIntyre v. Strausser*, 365 Pa. 507, 76 A.2d 220 (1950); *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940); *Hinton v. Waste Techniques Corp.*, 243 Pa.Super. 189, 364 A.2d 724 (1976).

■ Section 303(b) creates an exception to the general right to contribution from joint tortfeasors. Under that section, a third party whose negligence is responsible, in part, for an injury suffered by an employee protected by the Workmen's Compensation Act, may not, in the suit brought by the employee against him, join the employer as an additional defendant. Nor may the third party otherwise seek contribution or indemnity from the employer, even though the employer's own negligence may have been the primary cause of the injury.

## I.

Article I, Section 11 of the Pennsylvania Constitution provides, inter alia, as follows:

"All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . ."

■ W&K contends that Section 303(b) violates this constitutional mandate in that it denies third parties access to the courts to litigate claims for contribution and indemnity without providing any alternative remedy. We disagree. It must be kept in mind here that Section 303(b) is an amendment to the Workmen's Compensation Act, and, its effect must be measured within the context of that Act.

With regard to the suggestion that the Legislature has not made apparent its reasons for the adoption of Section 303(b), and that this claimed omission somehow renders

Section 303(b) invalid, we need only refer to the comments of the Superior Court in *Hefferin*, supra:

"The National Commission on State Workmen's Compensation Laws submitted its report to the Congress and the President in July, 1972. The report contained 84 recommendations for the improvement of state workmen's compensation laws, and of the 84 recommendations, 19 were deemed essential by the Commission. Recommendations R. 2.18 and R. 2.19 address immunity and exclusivity of employers from negligence actions when an employee is impaired or dies because of a work-related injury or disease. The Commission recognized that its recommendations would result in increased costs to employers and included the exclusive liability of an employer as one of the 19 essential recommendations.

With the Commission report as a background, the Pennsylvania Legislature in the years 1972 through 1974 undertook a massive overhaul of the State's Workmen's Compensation Law and Occupational Disease Law which, among other items, caused the average weekly payment to rise from $60.00 per week to a present $187.00 per week. It was the intention of the Legislature to have the Pennsylvania Workmen's Compensation Law comply with as many of the essential recommendations of the Commission as possible. This culminated in December, 1974 with the enactment of S.B. 1223, wherein the intention of the amendments to Section 303 was to grant the employer total immunity from third-party actions."

Indeed, the United States Supreme Court has consistently held that the purpose of this kind of legislation was to restrict the remedy available to an employee against the employer to compensation, and to close to the employee, and to third parties, any recourse against the employer in tort for negligence. *Mahnich v. Southern S/S Co.*, 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944); *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); *Ryan Stevedoring Co., Inc. v. Pan-Atlantic S/S Co.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); *American Mutual*

*Liability Co. v. Matthews,* 182 F.2d 322 (2d Cir. 1950). And only recently, in *Edmonds v. Compagnie Generale Transatlantique,* 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979), the Supreme Court, in considering the 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act, said this:

"As we have said § 905 permits the injured longshoreman to sue the vessel and exempts the employer from any liability to the vessel for any damages that may be recovered. Congress clearly contemplated that the employee be free to sue the third-party vessel, to prove negligence and causation on the vessel's part, and to have the total damages set by the court or jury without regard to the benefits he has received or to which he may be entitled under the Act. Furthermore, under the traditional rule, the employee may recover from the ship the entire amount of the damages so determined. If he recovers less than the statutory benefits, his employer is still liable for the statutory amount."

We conclude that Section 303(b) does not violate Article I, Section 11 of the Pennsylvania Constitution.[2]

## II.

Article III, Section 18 of the Pennsylvania Constitution provides in pertinent part:

"The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the

---

2. While we today decide that to the extent that Section 303(b) bars a third-party joinder of an employer, it is not unconstitutional, we leave for another day the issue as to whether the employer's right of subrogation nevertheless remains unimpaired.

collection thereof; *but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death or for injuries to persons or property,* and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted . . ." (Emphasis added.)

Appellant contends that Section 303(b) is unconstitutional because it has the effect of placing a zero dollar limit on the amount a third party can recover from an employer. As Mr. Justice Roberts noted in *Freezer Storage v. Armstrong Cork Co.*, 476 Pa. 270, 382 A.2d 715 at 721:

"The Legislature has not limited the recovery available under a cause of action, but eliminated that cause of action altogether in certain cases. It is senseless to hold that, although Article I, Section 11 permits the Legislature to abolish a cause of action, any such abolition is nonetheless void because it constitutes a diminution of recovery for a harm inflicted in violation of Article III, Section 18: 'While, under this constitutional provision, no valid statutory limitations may be placed upon claims for injuries recoverable at law, yet it does not have, and cannot properly be given, the effect of conferring a right of recovery where none otherwise exists.' *Jackman v. Rosenbaum*, 263 Pa. at 169, 106 A. at 242. In both *Jackman* and the present case, the chief reason that no cause of action otherwise existed was that the Legislature had passed a statute abolishing plaintiff's purported cause of action."

It is clear that Section 303(b), rather than limiting the amount of damages recoverable in a suit for contribution, actually abolishes the right of contribution which third party tortfeasors had against employers. We find no violation of this constitutional provision.

### III.

The final claim of invalidity is that Section 303(b) offends the equal protection clause of the Fourteenth

Amendment to the United States Constitution in that it establishes unreasonable and arbitrary classifications. The contention is twofold: First, that the Section unconstitutionally creates a favored class by exempting only employers from third-party claims for contribution; and secondly, that it permits an employer to assert a claim against a third party tortfeasor, while denying a third party tortfeasor the right to seek contribution from the employer.

In *Singer v. Sheppard*, 464 Pa. 387, 346 A.2d 897, we said:

"The starting point of equal protection analysis is a determination whether the State has created a classification for the unequal distribution of benefits or imposition of burdens."

Whether the immunity granted by Section 303(b) was invalid from an equal protection standpoint has been considered by the United States District Court for the Western District of Pennsylvania. In *Adamik v. Pullman Standard*, 439 F.Supp. 784 (1977) that court stated:

"By rendering employers who are liable for compensation without regard to fault immune from the third party actions and by permitting them to recoup compensation benefits paid when the negligence of a third party has been a proximate cause of an employee's injuries the General Assembly intended to provide more certainty in administration of the benefit fund and more stability to the fund. Elimination of third party actions against employers permits employers and their insurers to better estimate compensation costs. It also prevents the uncertain drain on the benefit fund caused by employer contribution costs and legal defense expenses that had resulted from third party actions in the past. [Citation omitted]."

It is axiomatic that "the Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways" (*Reed v. Reed*, 404 U.S. 71, 75, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971)); and that "a legislative classification must be sustained unless it is 'patently arbitrary' and bears no rational relationship to a legitimate governmental interest," (*Frontiero v. Richardson*, 411 U.S. 677, 683, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583 (1973)).

Clearly, Section 303(b) does not affect a fundamental right, nor does it involve a suspect class. Our inquiry, then, is whether the classification is patently arbitrary and bears no rational relationship to a legitimate governmental interest. Given the beneficial and far-reaching effects of Pennsylvania's comprehensive Workmen's Compensation legislation and the continuing efforts of the legislature at almost every session, to upgrade the system and make it more responsive to the needs of the employer, the employee and to our society as a whole, we cannot say that Section 303(b) bears no reasonable relationship to any legitimate governmental interest.

It has been said that legislation similar to Section 303(b) has been severely criticized by courts and commentators, and that it results in "too absolute a victory for the employer".[3] It may even be that Section 303(b) is a legislative over-reaction to the rising cost of Workmen's Compensation insurance coverage, and that if its purpose is to more evenly distribute economic losses, it has fallen short of its goal. But surely these are arguments grounded not on constitutional precepts, but on social policies. As such, they must be addressed to the legislature, and not to the courts.

Order affirmed.

MANDERINO, J., did not participate in the decision of this case.

ROBERTS, J., did not participate in the consideration or decision of this case.

LARSEN, J., filed a concurring opinion.

NIX, J., concurred in the result.

3. We perhaps should note that, except for the plaintiff, all of the parties to this litigation are employers in their own rights, and it would therefore not be unreasonable to expect that they may have occasion to assert the bar of Section 303(b) to attempts to join them in their capacities as employers. While we, of course, do not question the motives of the appellant, the ambivalence of its position here must be readily apparent.

LARSEN, Justice, concurring.

Article I, Section 11 of the Pennsylvania Constitution provides: "All courts shall be open: and every man for an injury done him in his land, goods, person or reputation shall have remedy by due course of law, and right and justice without sale, denial or delay. . . ." Limitations to one's access to the courts are unconstitutional. However, for historical and humane reasons, this Court in prior decisions has permitted the substitution of the Workmen's Compensation law for one's access to the courts. And since the Majority's limitation, (bar of a third party's joinder of an employer) is within the scope of the Workmen's Compensation Act, I join in the result of the majority with the condition that the employer's right to subrogation is not automatic. The employer must in some judicial proceedings establish its freedom from fault in order to be subrogated.