439 A.2d 674

**Fred M. HECKENDORN and Mary Anne Heckendorn, his wife, Plaintiffs,**

**v.**

**CONSOLIDATED RAIL CORPORATION, Defendant-Appellant,**

**v.**

**EVANS PRODUCTS COMPANY, Additional Defendant,**

**and**

**The Carnation Company, Additional Defendant and Appellee.**

Superior Court of Pennsylvania.

Argued March 23, 1981.

Filed Oct. 9, 1981.

Reargument Denied Feb. 9, 1982.

Petition for Allowance of Appeal Granted April 27, 1982.

David C. Eaton, Harrisburg, for defendant-appellant.

Thomas J. Williams, Carlisle, for Carnation Co.

Before PRICE, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

The difficult issue in this appeal is whether, in an action by an employee against a third party tortfeasor, the employer can be joined as an additional defendant for the purpose of apportioning negligence under the Comparative Negligence Act. The trial court held that joinder was barred by Section 303 of the Workmen's Compensation Act, as amended,[1] and dismissed the attempted joinder. We agree and affirm.

Fred Heckendorn, an employee of the Carnation Company, was injured when he was struck by a falling bulkhead while unloading a railroad box car. The car was owned by Consolidated Rail Corporation (Conrail) but had been leased to Carnation. The bulkhead, which had been manufactured by Evans Products Company, fell during unloading at Carnation's warehouse in Mechanicsburg, Cumberland County.

Heckendorn filed a complaint in trespass against Conrail, alleging defective maintenance of the box car. Conrail joined Carnation as an additional defendant.[2] The complaint demanded "judgment against the Carnation Company for indemnity or, alternatively, for contribution . . . ." Carnation thereupon filed preliminary objections challenging its joinder on the grounds that it was Heckendorn's employer and, therefore, immune from joinder. The trial court agreed and vacated the joinder. Conrail appealed.

Section 303 of the Workmen's Compensation Act provides: "(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in Section 301(c)(1) and (2) or occupational disease as defined in Section 108.

---

1. Act of December 5, 1974, P.L. 782, No. 263, 77 P.S. § 481.

2. Conrail also caused Evans Products Company to be joined as an additional defendant.

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

 This section, it has been said, manifested a broad legislative intent to bar the joinder of an employer as an additional defendant. *Arnold v. Borbonus*, 257 Pa.Super. 110, 114, 390 A.2d 271, 273 (1978). It has "obliterated" the common law cause of action against the employer and foreclosed the adjudication of liability on the part of the employer. *Bell v. Koppers Co., Inc.*, 481 Pa. 454, 458, 392 A.2d 1380, 1382 (1978). It has created an exception to the general right of contribution among tortfeasors. Thus a defendant whose negligence is alleged to be responsible for an injury suffered by an employee protected by the Workmen's Compensation Act, may not, in the suit brought against him, join the employer as an additional defendant. *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 518, 412 A.2d 1094, 1096 (1980). See also: *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977); *Atkins v. Urban Redevelopment Authority of Pittsburgh*, 263 Pa.Super. 37, 396 A.2d 1364 (1979). The policy consideration which prompted the enactment of Section 303 is clear. An employer's liability for an industrial accident is limited to an amount determined by the Workmen's Compensation Act. If he assumes that liability, there can be no cause of action against him for negligence; and he cannot be made a party to his employee's common law action for negligence against a third person.

■ Conrail's attempted joinder of Carnation was clearly improper. Its complaint demanded judgment "for indemnity or, alternatively, for contribution." Section 303(b) of the Workmen's Compensation Act specifically bars an employer's liability for "contribution" or "indemnity."

Conrail concedes that Carnation cannot be made liable for damages in this action. It is contended, however, that the Comparative Negligence Act, by implication, has repealed Section 303 of the Workmen's Compensation Act and has made possible the joinder of an employer in order to apportion accurately the liability of all tortfeasors. Moreover, appellant argues an averment of liability for indemnity or contribution is necessary in order to comply with the joinder requirements of Pa.R.C.P. No. 2252(a).

The Comparative Negligence Act, 42 Pa.C.S.A. § 7102, provides as follows:

"(a) General rule.—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

"(b) Recovery against joint defendant; contribution.— Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution."

This statute was enacted without any meaningful legislative history. By two paragraphs the legislature changed the law of contributory negligence which had developed over centuries of jurisprudential history. In its haste to remedy criticism which had been leveled against the doctrine of contributory negligence, the legislature failed to address specifically the several problems which have arisen because of such an abrupt change. One of those problems is the issue presented in this case.

Conflicting considerations have caused a division among state and federal trial courts which were called upon to decide the issue. The Court of Common Pleas of Philadelphia County has agreed with Cumberland County in declining to permit the joinder of employers as additional defendants in employee actions against third person tortfeasors. See: *Schwarzl v. Philadelphia Gas Works*, No. 4098 July Term, 1980 (Philpa. Filed 12/24/80). The courts in Westmoreland and Lebanon Counties, however, have allowed the employer to be joined. See: *Flack v. Calabrace*, 15 Pa.D. & C.3d 765 (West. 1980); *Yeagley v. Metropolitan Edison Company*, 16 Pa.D. & C.3d 681 (Leb. 1980). In Allegheny County, joinder has been disallowed, but the court either allows or sua sponte compels the employer to be joined as a party plaintiff for the purpose of determining the employer's causative negligence, if any. *Prem v. Johns-Manville Products Corp.*, 129 P.L.J. 150 (1981).

The federal courts have reached equally diverse results. In the eastern district of Pennsylvania, the joinder of an employer as an additional defendant has been disallowed. See: *Lawless v. Central Engineering Co.*, 502 F.Supp. 308 (E.D.Pa.1980). In the middle district, joinder is allowed. *Schaeffer v. Didde-Glaser, Inc.*, 504 F.Supp. 613 (M.D.Pa. 1980). The courts in the western district have followed their brethren of the Allegheny County Court of Common Pleas in denying joinder as an additional defendant but allowing the employer to be joined as an involuntary plaintiff. *Sheldon v. West Bend Equipment Corporation*, 502 F.Supp. 256 (W.D.

Pa.1980). But see and compare: *Shaner v. Caterpillar Tractor Co.*, 483 F.Supp. 705 (W.D.Pa.1980).[3]

A careful reading of the first paragraph of the Comparative Negligence Act discloses that the defense of contributory negligence has been eliminated where "such negligence is not greater than *the causal negligence of the defendant or defendants against whom recovery is sought.*" The second paragraph provides: "Where recovery is allowed against more than one defendant, each defendant shall be liable for . . . damages in the ratio of the amount of his causal negligence to the amount of causal negligence *attributed to all defendants against whom recovery is allowed.*" (Emphasis added.)

An employer is one against whom recovery can neither be "sought" nor "allowed." A cause of action against the employer has been obliterated. "[T]he enactment of Section 303(b) has foreclosed the adjudication of the liability of the employer." *Bell v. Koppers Co., Inc.*, supra, 481 Pa. at 458, 392 A.2d at 1382. A strict reading of the Comparative Negligence Act, therefore, suggests that the legislature did not contemplate an apportionment of liability between one or more third party tortfeasors (against whom recovery may be had) and the plaintiff's employer (against whom recovery may neither be sought nor allowed).

■ When the Comparative Negligence Act is read in this manner, it becomes apparent that it is not in conflict with Section 303 of the Workmen's Compensation Act. On the contrary, the two provisions are not only reconcilable but

3. The courts of other jurisdictions having similar, but not the same, statutory provisions and competing policy considerations have been able to achieve an accommodation. They have refused to allow the joinder of an employer as an additional defendant, but they have permitted the fact-finder to apportion causative negligence among all negligent persons, whether or not they are parties to the litigation. See: *Arcell v. Ashland Chemical Co., Inc.*, 152 N.J.Super. 471, 378 A.2d 53 (1977); *Heldt v. Nicholson Manufacturing Co.*, 72 Wis.2d 110, 240 N.W.2d 154 (1976); *Payne v. Bilco Co.*, 54 Wis.2d 424, 195 N.W.2d 641 (1972). The pertinent statutes of New Jersey and Wisconsin, however, do not contain language, as does the Pennsylvania statute, which limits the negligence to be apportioned to that which is "attributed to all defendants against whom recovery is allowed."

they can be read in full and complete harmony. We are required to read them in this manner. We must assume that when the legislature enacted the Comparative Negligence Act it had in mind previous statutes establishing the employer's immunity from common law actions for negligence. See: *Seltzer v. City of Reading,* 151 Pa.Super. 226, 30 A.2d 177 (1943). See also: *Borough of Collegeville v. Philadelphia Suburban Water Co.,* 377 Pa. 636, 105 A.2d 722 (1954); *Commonwealth Dept. of Public Welfare ex rel. Hager v. Woolf,* 276 Pa.Super. 433, 419 A.2d 535 (1980).

This interpretation is consistent with Pa.R.C.P. No. 2252(a), which permits the joinder as additional defendants only of those persons who may be "liable." The rule simply does not contemplate the joinder of a person who has no stake in the outcome of the action. It permits the joinder of additional defendants "who may be *alone liable* or *liable over* ... or *jointly or severally liable* ... or *who may be liable to the joining party* on any cause of action which he may have against the joined party . . . ." (Emphasis added.) An employer fits into none of the categories envisioned by this rule, for the employer cannot be made liable either to the plaintiff employer or to a defendant, third party tortfeasor.

Appellant argues that gross inequities will result if the employer cannot be joined as an additional defendant. He contends that a defendant tortfeasor, whose negligence may have joined with that of the employer in causing injury to the employee, will be required to pay 100% of the employee's damages. If required to pay the full verdict, the defendant tortfeasor will pay more than his proportionate part of the loss and the employee will be enabled to recover twice for the same injury.

This argument, although appearing at first blush to have merit, results from an unwillingness to accept the legislative mandate which changed traditional negligence concepts. The heretofore recognized cause of action against an employer has been "obliterated." He is liable solely for worker's compensation benefits. If an employer accepts the

responsibility of providing worker's compensation benefits, he cannot be solely or jointly liable to an employee for negligence. Similarly, he is not liable to a third party tortfeasor for indemnification or contribution. His negligence is no longer a factor. He is not and cannot be a defendant against whom recovery is allowed. He is not a party whose negligence is to be included in the apportionment required by the Comparative Negligence Act.

Appellant also argues that if an employer's negligence is not included in the apportionment under comparative negligence, the employer will have the right via subrogation to be made whole even though the employee's loss may have been caused in part by the employer's own fault. This issue, however, is not now before us, and we, as the Supreme Court in *Tsarnas*, "leave for another day the issue as to whether the employer's right of subrogation nevertheless remains unimpaired."

Finally, appellant calls our attention to the criticism which Section 303 of the Workmen's Compensation Act has drawn because it results in too absolute a victory for the employer. The same argument was made to the Supreme Court in *Tsarnas v. Jones & Laughlin Steel Corp.*, supra. The Supreme Court responded that this was an argument based on social policies and should, more properly, be addressed to the legislature.

We have examined carefully the language of Section 303 of the Workmen's Compensation Act and the Comparative Negligence Act and have compared them with each other and analyzed them in the light of the rules by which third party practice is governed. These laws, both substantive and procedural, are uniformly consistent. An employer may not be joined as an additional defendant in an action for negligence commenced by an employee against a third party tortfeasor.

The order of the Court of Common Pleas of Cumberland County is affirmed.

PRICE, J., did not participate in the consideration or decision of this case.