451 A.2d 1362

John A. COLLINS and Virginia Collins, his wife

v.

WALTER C. BEST, INC., a corporation, Pennsylvania Glass Sand Corporation, a corporation, Emerald Industrial Supply Company, a corporation, Millwood Sand Company, a corporation, and Summitt Silican Sand Company, a corporation

v.

BUCYRUS–ERIE COMPANY and Textron Inc., Pittron Division.

Appeal of PENNSYLVANIA GLASS SAND CORPORATION.

Superior Court of Pennsylvania.

Argued March 16, 1982.

Filed Oct. 22, 1982.

Petition for Allowance of Appeal Denied Oct. 7, 1983.

6

James F. Andrews, Jr., Pittsburgh, for appellant.

Fred C. Trenor, Pittsburgh, for Bucyrus-Erie, appellee.

James F. Manley, Pittsburgh, for Textron, appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

SPAETH, Judge:

This is an appeal from an order entering summary judgment. Plaintiff-husband suffers from silicosis. He and his wife have sued the companies that manufactured or supplied the products exposure to which caused his silicosis. The question is whether those companies may join plaintiff-husband's employers as additional defendants. The lower court held that the Act of December 5, 1974, P.L. 782, No. 263 § 6, 77 P.S. § 481, precludes joinder. We agree, and therefore affirm.

Plaintiff-husband worked in a steel foundry in Glassport, Pennsylvania, from April 1942 to July 1943, and after military service, from March 1946 until September 19, 1975, when he had to retire from work because of a disabling lung condition. Sometime later, either in October 1975, R. 13b–14b, or December 1975, R. 44b, he learned that his condition was silicosis caused by his exposure to silica and silicon dioxide in the foundry. On October 25, 1977, plaintiffs—husband and wife—filed a complaint in trespass and assumpsit against appellant and several other companies that had manufactured or supplied the products exposure to which caused his silicosis. Appellant filed a complaint to join appellees as additional defendants. Appellee Bucyrus-Erie Company is the current owner of the Glassport foundry, having purchased the foundry from appellee Textron, Inc., Pittron Division, in October 1974. Appellant's complaint alleged that as plaintiff-husband's employers, appellees were either solely liable, or to the extent that appellant was liable, liable for contribution or indemnity. After some intervening pleadings, appellees moved for summary judgment on the ground that the Act of December 5, 1974, P.L.

782, No. 263 § 6, 77 P.S. § 481, precluded their joinder. On June 22, 1981, the lower court granted their motions.

The Act of December 5, 1974, *supra,* 77 P.S. § 481, provides that an employee receiving workmen's compensation benefits from his employer may sue a third party for causing his injury, but his employer "shall not be liable to [the] third party for damages, contributions, or indemnity . . . ." Here, plaintiff-husband is receiving workmen's compensation benefits from appellee Bucyrus-Erie's carrier. Appellant acknowledges that if the Act applies, it precludes suit against appellees for damages, contribution, or indemnity, and that summary judgment in favor of appellees was therefore proper. Appellant argues, however, that the Act does not apply. The effective date of the Act was February 5, 1975, in other words, after most of plaintiff-husband's period of employment with appellees was over. In appellant's view, to apply the Act would be to make it retroactive in violation of the rule established in *Bell v. Koppers,* 481 Pa. 454, 392 A.2d 1380 (1978).

In *Bell v. Koppers, supra,* the plaintiffs or their decedents were employed by the United States Steel Corporation at its Clairton Coke Works. Work there was conducted in close proximity to coke ovens designed, manufactured, or installed by Koppers Company, Allied Chemical Corporation, and Salem Corporation. The plaintiffs alleged that exposure over an extended period to substances emitted from these ovens had caused them or their decedents to develop lung cancer. It was agreed by all parties that "the injuries occurred before February 3, 1975." *Id.,* 481 Pa. at 456, 392 A.2d at 1381. The plaintiffs filed suit on August 25, 1976, against the companies that had designed, manufactured, or installed the ovens. Koppers thereafter filed a third party complaint against United States Steel Corporation seeking contribution or indemnity. United States Steel filed preliminary objections contending that since it had been the plaintiffs' or their decedents' employer, the Act of December 5, 1974, precluded Koppers's suit against it. The lower court sustained the objections and we affirmed *per curiam, Bell v. Koppers,* 253

Pa. Superior Ct. 590, 384 A.2d 980 (1978). The Supreme Court reversed, however, holding that the Act did not apply because plaintiffs or their decedents had been injured before the effective date of the Act. *Bell v. Koppers,* 481 Pa. 454, 392 A.2d 1380 (1978). The Court reasoned that the right to contribution or indemnity that existed before the Act was a substantive right, and that therefore the Act could not be applied retroactively. The Court noted that its decision had been predicted by several federal district courts. *Id.,* 481 Pa. at 459, 392 A.2d at 1383, *citing Atkins v. Blow Knox Foundry & Mill Machine, Inc.,* 431 F.Supp. 369 (W.D.Pa. 1977); *Wesolowski v. Rhoads,* 416 F.Supp. 1052 (E.D.Pa. 1976); *Clark v. Essex Intern, Inc.,* 410 F.Supp. 215 (E.D.Pa. 1976); *Browne v. Wheel-Horse Products, Inc.,* 408 F.Supp. 415 (E.D.Pa.1976); *Brescia v. Ireland Coffee-Tea, Inc.,* 412 F.Supp. 488 (E.D.Pa.1976).

We do not find either the Supreme Court's decision in *Bell v. Koppers, supra,* or any of the federal district court decisions cited by the Court, on point, for none of them addressed the question before us, of when an occupational disease becomes an injury for purposes of determining the applicability of the Act. As we have noted, in *Bell* the parties had agreed that the injury—lung cancer—"occurred before February 3, 1975," the effective date of the Act. *Id.,* 481 Pa. at 456, 392 A.2d at 1381. In each of the federal district court cases the injury was caused by a discrete event occurring before February 3, 1975. Thus *Bell* held that the Act of December 5, 1974, must be applied prospectively, and that the Act therefore did not preclude joinder of the employer where the injury occurred before the effective date of the Act. But the problem of how to determine whether an injury *has* occurred before the effective date of the Act was not addressed.

Given the absence of any decision on point, the lower court drew an analogy between determining when a plaintiff was injured for the purpose of deciding whether to apply the Act of December 5, 1974, and determining when an action accrues in a creeping disease case for the purpose

of calculating the starting date of the statute of limitations. The lower court correctly stated that the statute of limitations does not start to run until a plaintiff has or reasonably should have knowledge of his injury, its operative cause, and the relationship between the injury and the operative conduct. Slip op. at 4. *See Staiano v. Johns-Manville*, 304 Pa. Superior Ct. 280, 450 A.2d 681 (1982); *Anthony v. Koppers Company*, 284 Pa. Superior Ct. 81, 425 A.2d 428 (1981); *revs'd on other grounds*, 496 Pa. 119, 436 A.2d 181 (1981). The court then applied this standard to the facts of this case:

> Plaintiff's deposition shows quite clearly that prior to his retirement in September 1975 he had no health problems at all. "Toward the end" of his employment, the Plaintiff had trouble breathing and sleeping. It was not until September of 1975 that a Doctor told the Plaintiff he had a lung condition. No more information than this was imparted to the Plaintiff at this time. It was not until late 1975 that the Plaintiff found out that he had silicosis. In the case of silicosis as with all creeping or incremental diseases, it is arguable medically in this instance that the entity of silicosis existed prior to the effective date of the [Act of December 5, 1974].

> Nonetheless, for purposes of disposition of the Additional Defendant's motion for Summary Judgment, we must employ the legal standard which fixes the date of fruition of Plaintiff's cause of action no earlier than the date symptoms became manifest and the Plaintiff knew, or in the exercise of reasonable caution should have known, were related to his work environment.

Slip op. at 4–5.

Similarly, a federal district court has recently predicted that in determining whether the Act of December 5, 1974, applies, Pennsylvania courts would hold that an occupational disease is incurred on "the date of discovery or the date that the disease should have reasonably been discovered." *Tysenn v. Johns-Manville*, 517 F.Supp. 1290, 1295 (E.D.Pa.1981).

10

We are not persuaded by this reasoning. The purpose of the discovery rule is to ameliorate the harsh result that would otherwise arise from a mechanical application of the statute of limitations when a plaintiff is blamelessly ignorant of his injury. *See Anthony v. Koppers, supra*, 284 Pa. Superior Ct. at 86–87, 425 A.2d at 431. This purpose is unrelated to the purpose of the Act of December 5, 1974, which was enacted not to protect an injured employee but his employer by restricting the employee's remedy against the employee to compensation, closing off any recourse against the employer in tort for negligence. *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980); *Heckendorn v. Consolidated Rairlway Corp.*, 293 Pa. Superior Ct. 474, 439 A.2d 674 (1981); *Arnold v. Borbonus*, 257 Pa. Superior Ct. 110, 390 A.2d 271 (1978); *Hefferin v. Stempkowski*, 247 Pa. Superior Ct. 366, 372 A.2d 869 (1977). As regards that purpose, whether the plaintiff-employee had or reasonably should have had knowledge of his injury is irrelevant.

While we disagree with the lower court's analysis, we agree with its result. It is unimportant that we reach this result by different reasoning. *Commonwealth v. Dancer*, 460 Pa. 95, 101 n. 5, 331 A.2d 435, 438 n. 5 (1975); *Lobianco v. Property Protection Inc.*, 292 Pa.Superior Ct. 346, 437 A.2d 417 (1981).

■ The Workmen's Compensation Act provides compensation to workers for the "injuries" they incur in the course of their employment. 77 P.S. § 1, *et seq.* "Injuries" are defined to include certain occupational diseases. 77 P.S. § 411(2). Silicosis is one such designated occupational disease. 77 P.S. § 27.1(k). However, one may not recover compensation for an occupational disease unless the disease has resulted in death or a disability. Thus the Act provides that "whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease . . . ." 77 P.S. § 411(2).

■ These provisions make it clear that plaintiff-husband's "injury" did not become a basis for compensation—in other words, his injury did not "occur"—until he suffered a disability resulting from his silicosis. If, therefore, plaintiff-husband suffered his disability *before* the Act of December 5, 1974, became effective, then, his injury occurred before the Act became effective, and under *Bell v. Koppers, supra,* the Act is inapplicable and suit against his employer for contribution or indemnity is *not* precluded by the Act; but if he suffered his disability *after* the Act became effective, suit *is* precluded.

■ There is no statutory provision defining when a disability is first suffered. It has nonetheless been consistently held that this occurs only when there has been some loss in the employee's earning capacity. *See Unora v. Glenn Alden Coal Co.,* 377 Pa. 7, 104 A.2d 104 (1954); *Woodward v. Pittsburgh Engineering & Construction Co.,* 293 Pa. 338, 143 A. 21 (1928); *Montgomery v. Workmen's Compensation Appeals Board,* 42 Pa. Commonwealth Ct. 143, 400 A.2d 253 (1979); *Consolidation Coal v. Workmen's Compensation Appeals Board,* 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978).

■ Here, plaintiff-husband had to retire from his employment as a result of silicosis on September 19, 1975. That was after the effective date of the Act of December 5, 1974. The Act therefore applies, and suit against appellees as plaintiff-husband's employers is precluded. The lower court therefore properly granted appellees' motion for summary judgment.

This conclusion is consistent with case law. In *McIntyre v. E.J. Lavino & Co.,* 344 Pa. 163, 25 A.2d 163 (1942), the employee operated a mill that brought him in contact with manganese dust. He did this from 1935 to September 1937, when he was transferred to another department and had no further contact with manganese. He was discharged in February 1938 and twenty days later he became totally disabled from manganese poisoning. He petitioned for com-

pensation under the Occupational Disease Act of 1937, which became effective January 1, 1938. The employer argued that since the employee's exposure to the manganese had occurred before the effective date of the Act, to award compensation under the Act would be to give the Act retroactive effect. This argument, it will be observed, is essentially the same as appellant's argument here. The Supreme Court rejected the argument, saying:

Occupational diseases are, from a legal standpoint, peculiar in this—that they arise, not from an accident or event happening at a precise moment, but from a day by day exposure to unhealthful conditions over an extended period; the exact time of their origin is necessarily obscure and their insidious progress is not revealed until, frequently after a long interval, the disability manifests itself. In the case of accidents compensable under the Workmen's Compensation Act the accident and the damage resulting therefrom, the cause and the effect, are usually determinable immediately and they are practically simultaneous. But, because in disability arising from an occupational disease both cause and effect are protracted and a long interval is apt to elapse between the exposure and the disability, it becomes necessary to fix a point of time at which the injury which is the subject of compensation shall be deemed to accrue. Accordingly, the Occupational Disease Compensation Act of 1937 provides, section 3, that "The date when the disability occurs from occupational disease shall be deemed to be the date of injury or accident." Thus it makes the occurrence of the disability the event which constitutes the compensable injury, although the disability is necessarily preceded by an exposure and an occupational disease of which it is the culmination.

*Id.*, 344 Pa. at 165–66, 25 A.2d at 164 (footnote omitted).

It is true that the present Occupational Disease Act, The Act of June 21, 1939, P.L. 566, No. 284, § 101 et seq., which supplanted the Act of 1937, interpreted in *McIntyre v. E.J. Lavino, supra,* does not expressly state that the date of

disability is deemed to be the date of the injury. Nothing suggests, however, that in enacting the present Act the Legislature intended a different rule; the rule is indeed implied throughout the Act. *See* 77 P.S. § 1201 et seq. (act applies to disabilities and deaths caused by occupational disease); 77 P.S. § 412 (relevant time calculated from date of disability).

We also note that our conclusion has been anticipated by a federal district court. *Ryden v. Johns-Manville,* 518 F.Supp. 311 (W.D.Pa.1981).

Affirmed.