465 A.2d 609

**Fred M. HECKENDORN and Mary Anne
Heckendorn, Plaintiffs,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant-Appellant,**

v.

**EVANS PRODUCTS COMPANY, Additional Defendant,**

**and**

**The Carnation Company, Additional Defendant-Appellee.**

Supreme Court of Pennsylvania.

Argued March 10, 1983.

Decided Sept. 15, 1983.

102

W.E. Shissler, David C. Eaton, Harrisburg, for defendant-appellant.

Harold S. Irwin, Jr., Carlisle, for Fred M. Heckendorn, et ux.

Edward E. Knauss, IV, Harrisburg, for Evans Products Co.

William F. Martson, Thomas J. Williams, Carlisle, for The Carnation Co.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

At issue on this appeal is whether, in an action brought by an injured employee against a third-party tortfeasor, the employer, although statutorily immune from liability, may nonetheless be joined by the third party for the purpose of apportioning the employer's negligence with the negligence of the third party. Both the trial court and the Superior Court held joinder of the employer as a defendant for any purpose to be barred by section 303 of the Workers' Compensation Act. We granted allowance of appeal and now affirm.

In November of 1979, Fred M. Heckendorn, an employee of appellee Carnation Company, and his wife filed a complaint in trespass against appellant Consolidated Rail Corporation (Conrail) and Evans Products Company alleging that on August 22, 1977, while in the course of his employment, Heckendorn had been struck and injured by a falling bulkhead door, manufactured by Evans, as he was loading a

railroad boxcar owned by appellant Conrail and leased to Carnation. When Conrail attempted to join Carnation as an additional defendant, Carnation filed preliminary objections to the joinder. The Court of Common Pleas of Cumberland County sustained the preliminary objections, and the Superior Court affirmed. 293 Pa.Super. 474, 439 A.2d 674 (1981). This appeal by allowance followed.

Section 303 of the Workers' Compensation Act provides:

"(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) [77 P.S. § 411(1)(2)] or occupational disease as defined in section 108 [77 P.S. § 27.1].

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

Act of December 5, 1974, P.L. 782, No. 263, as amended, 77 P.S. § 481 (Supp.1983).

In *Tsarnas v. Jones & Laughlin Steel Corp.,* 488 Pa. 513, 412 A.2d 1094 (1980), this Court sustained the constitutionality of section 303(b) and concluded that section 303(b) was intended by the Legislature to prohibit the joinder of an employer as an additional defendant in employee actions against third-party tort-feasors:

"Prior to the passage of Section 303(b), our law permitted the joinder of the employer as an additional defendant in a suit by an employee against a third party tortfeasor on the basis of joint liability or liability over. If it were determined that both the employer and the third party were responsible for the employee's injury, the employee could obtain a full recovery from the third party, but the third party could also obtain contribution or indemnity from the employer to the extent of the employer's statutory liability under the Workers' Compensation Act. [Citations omitted.]

Section 303(b) creates an exception to the general right to contribution from joint tortfeasors. Under that section, a third party whose negligence is responsible, in part, for an injury suffered by an employee protected by the Workmen's Compensation Act, may not, in the suit brought by the employee against him, join the employer as an additional defendant. Nor may the third party otherwise seek contribution or indemnity from the employer, even though the employer's own negligence may have been the primary cause of the injury."

488 Pa. at 517–18, 412 A.2d at 1096. See *Bell v. Koppers Co.*, 481 Pa. 454, 392 A.2d 1380 (1978); *Kelly v. Carborundum Co.*, 307 Pa.Super. 361, 453 A.2d 624 (1982); *Arnold v. Borbonus*, 257 Pa.Super. 110, 390 A.2d 271 (1978); *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977).[1]

1. In *Hefferin v. Stempkowski,* the Superior Court set forth in detail the legislative history of the enactment of present section 303(b):
   "The National Commission on State Workmen's Compensation Laws submitted its report to the Congress and the President in July, 1972. The report contained 84 recommendations for the improvement of state workmen's compensation laws, and of the 84 recommendations, 19 were deemed essential by the Commission. Recommendations R. 2.18 and R. 2.19 address immunity and exclusivity of employers from negligence actions when an employee is impaired or dies because of a work-related injury or disease. The Commission recognized that its recommendations would result in increased costs to employers and included the exclusive liability of an employer as one of the 19 essential recommendations.
   With the Commission report as a background, the Pennsylvania Legislature in the years 1972 through 1974 undertook a massive overhaul of the State's Workmen's Compensation Law and Occu-

Appellant concedes that section 303(b) bars joinder of an employer for the purpose of establishing liability but contends that the Comparative Negligence Act, Act of April 28, 1978, P.L. 202, No. 53, as amended, 42 Pa.C.S. § 7102, which was enacted subsequent to section 303(b), reflects a legislative intent to permit joinder of an employer as an additional defendant for the purpose of apportioning fault. In fact, the Comparative Negligence Act reflects a precisely opposite intent, one which is entirely consistent with the legislative grant of immunity to employers in employee actions against third-party tortfeasors.

The Comparative Negligence Act provides that a plaintiff may recover damages whenever his negligence is not greater than the negligence of the *"defendants against whom recovery is sought,"* and that, "[w]here recovery is allowed against more than one defendant, each defendant shall be liable for . . . damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to *all defendants against whom recovery is allowed."* 42 Pa.C.S. § 7102 (emphasis supplied). The Workers' Compensation Act provides that "[t]he liability of an employer under this act shall be exclusive" and that the employer

pational Disease Law which, among other items, caused the average weekly payment to rise from $60.00 per week to a present $187.00 per week. It was the intention of the Legislature to have the Pennsylvania Workmen's Compensation Law comply with as many of the essential recommendations of the Commission as possible. This culminated in December, 1974 with the enactment of S.B. 1223, wherein the intention of the amendments to Section 303 was to grant the employer total immunity from third-party actions. To accomplish this, the Legislature adopted the language in Section 5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq., where the employer is granted total immunity from third-party actions and is also subrogated to the full extent of its workmen's compensation lien. This becomes a statutory right, and it is not necessary for the employer to enter the action as an equitable plaintiff as is the case in some other jurisdictions. The Federal case law is lengthy and affirms the language of Section 5, and it is with this thought in mind that the Pennsylvania Legislature adopted the present Section 303 language. . . ."

247 Pa.Super. at 368–69, 372 A.2d at 87. See *Tsarnas v. Jones & Laughlin Steel Corp.,* supra, 488 Pa. at 519, 412 A.2d at 10.

"shall not be liable to a third party for damages, contribution or indemnity in any action at law, or otherwise...." 77 P.S. § 481 (Supp.1983).

■■■■ The Superior Court properly concluded that the two provisions not only are reconcilable but "can be read in full and complete harmony." 293 Pa.Super. at 480–81, 439 A.2d at 677. As related statutes must be read in pari materia, 1 Pa.C.S. § 1932, and the Workers' Compensation Act provides that "[a]n employer is one against whom recovery can neither be 'sought' nor 'allowed,'" 293 Pa.Super. at 480, 439 A.2d at 677, it is clear that in the Comparative Negligence Act "the legislature did not contemplate an apportionment of liability between one or more third party tortfeasors (against whom recovery may be had) and the plaintiff's employer (against whom recovery may neither be sought nor allowed)." Id. See *Kelly v. Carborundum Co.*, supra, 307 Pa.Super. at 367, 453 A.2d at 627. See also *Jones v. Carborundum Co.*, 515 F.Supp. 559 (W.D.Pa.1981).[2]

**2.** Our Rules of Civil Procedure likewise do not provide for the involuntary joinder of an employer, as either defendant or plaintiff, in an action by an employee against a third-party tortfeasor. Rule 2252, which permits a defendant to join as an additional defendant "any person who may be alone liable or liable over to him on the cause of action declared upon ... or jointly or severally liable thereon with him," is clearly inapplicable. Under section 303(a) of the Workers' Compensation Act, an employer cannot be held liable to an injured employee in a common-law trespass action, and under section 303(b), the employer is in no respect liable to the third-party tortfeasor. See also Goodrich-Amram 2d § 2252(a). Nor can an employer be joined as an involuntary plaintiff or defendant pursuant to Rule 2227, which permits the compulsory joinder of certain persons "having only a joint interest in the subject matter of an action." As the Superior Court recently and correctly concluded:

"Pa.R.C.P. 2227 permits compulsory joinder of persons having a joint interest in the subject matter of an action and without whose joinder the action cannot substantively proceed. An employer has no direct interest in and is not an indispensable party to a common law tort action commenced by an employee against a third party. The compulsory joinder of an employer as an involuntary plaintiff in his employee's third party action, therefore, is not procedurally authorized."

*Kelly v. Carborundum Co.*, supra, 307 Pa.Super. at 369, 453 A.2d at 629. See also Goodrich-Amram 2d § 2227(a)(1).

■ Thus, in a case where the factfinder determines that an injured employee's total damages are $100,000, the negligent third party is liable to the employee for the full amount of the judgment, a result in accord with the longstanding common-law principle that one joint tortfeasor's immunity from liability does not relieve the other tortfeasor of full liability. See Restatement (Second) of Torts § 880 (1979). There is no possibility that an injured employee will recover an amount in excess of his damages, for pursuant to 77 P.S. § 671, "[w]here the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employee . . . against such third party to the extent of the compensation payable under this article [ (77 P.S. § 411 et seq.) ] by the employer." Thus, if the employer has already paid $20,000 in workers' compensation to his employee, the employer is entitled to receive $20,000 of the $100,000 judgment, less a proportionate share of "reasonable attorneys' fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement." Id.

■ The employer's statutory right to subrogation may not be challenged by an allegation that the employer was partially responsible for the employee's injury.[3] Under the terms of the Workers' Compensation Act, whenever an employee is injured in the course of employment, the employer pays compensation, regardless of whether the employer, the employee, or a third party was causally negligent. If the negligence of a third-party tortfeasor is subsequently determined to have caused the injury "in whole or in part," the employee is entitled to recover the full amount of his damages from the tortfeasor, subject to the employer's right to reimbursement for the workers' compensation payments

**3.** The dictum to the contrary in *Stark v. Posh Construction Co.,* 192 Pa.Super. 409, 162 A.2d 9 (1960), is not persuasive, as *Stark* was decided when joinder of the employer at trial was still permitted, long before the Legislature's decision in 1974 to triple the amount of workers' compensation payable to injured employees and at the same time to foreclose, through the enactment of section 303(b), the adjudication of employer negligence in all cases of employee injury. See note 1 supra.

made as a result of the injury. The issue of the employer's negligence is as irrelevant at the subrogation stage of the proceedings as it is at trial, and as it is in every case of employee injury in which no third-party tortfeasor is involved.

The Workers' Compensation Act demonstrates a clear legislative intent that in cases where a party other than the employer is responsible in whole or in part for an employee's injury, the employee may recover full compensation for his injury from the negligent third party, subject to the employer's right of subrogation, through an action in trespass, in which the employer may not be involuntarily joined for any purpose. As the Superior Court properly read the Comparative Negligence Act to be consistent with this legislative intent, the order of the Superior Court affirming the order of the Court of Common Pleas of Cumberland County, which sustained appellee Carnation's preliminary objections to involuntary joinder, is affirmed.[4]

Order affirmed.

LARSEN, J., joins this opinion in part and files a concurring opinion.

LARSEN, Justice, concurring.

I join with the majority except to point out that subrogation rights are always subject to equitable principles. *See Bigley v. Unity Auto Parts, Inc.,* 496 Pa. 262, 274, 436 A.2d 1172, 1178 (1981); *Dale Manufacturing Co. v. Bressi,* 491 Pa. 493, 496, 421 A.2d 653, 654 (1980). Thus, the employer's right to subrogation is not automatic and some judicial proceeding must be had in order for the employer's lack or degree of fault to be established. *See Tsarnas v. Jones &*

4. Appellant also claims that the Act of December 5, 1974, P.L. 782, 77 P.S. § 481, amending section 303 of the Workers' Compensation Act, is unconstitutional because the title of the act does not provide full notice of the contents of the act, as required by Article III, Section 3 of the Pennsylvania Constitution. As this claim was not raised before the trial court, it is waived. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

*Laughlin Steel Corporation,* 488 Pa. 513, 412 A.2d 1094 (1980) (Larsen, J., concurring).