## Czarnecki v. Ruth

*Ronald W. Folino,* for plaintiffs.
*Richard T. Ruth,* for defendant Ruth Real Estate.
*Walter Wall,* for proposed additional defendant Harborcreek Township.

NYGAARD, *J.,* November 16, 1982—This case arose from the sale of a piece of property in Harborcreek Township, Erie County. Plaintiffs purchased a lot which they thought was zoned for commercial use. When it turned out to be classified R-2 residential, they sued. Defendant real estate agency seeks to join Harborcreek Township on the basis that a township zoning officer misrepresented the zoning status of the property. The township claims immunity, and has demurred to original defendant's cause of action. The court agrees that the township is immune, and sustains the demurrer.

Ruth Real Estate first argues that since the Political Subdivision Tort Claims Act was repealed as part of the enactment of the judicial code, and since its cause of action arose before the date of the repeal, the Tort Claims Act cannot be applied since it ceased to exist after its repeal. As this court stated in Taylor v. City of Erie (Erie County, No. 10853-A 1980, filed March 19, 1982):

"Immunity for local governments and their agencies was abolished in Pennsylvania by the decision in Ayala v. Philadelphia Board of Education, 453 Pa. 584, 305, A2 877 (1973). The Legislature responded in 1978 by enacting the Political Subdivision Tort

Claims Act, 1978, Nov. 26, P.L. 1399, No. 330, 53 P.S. §5311.101 et seq. (repealed). This Act was continuously in effect from its effective date of January 25, 1979 until it was repealed by the J.A.R.A. Continuation Act, 1980, October 5, P.L. 693, No. 142, §333, effective December 4, 1980. The Continuation Act simultaneously re-enacted local government immunity as part of the judicial code, Title 42 Pa. Consolidated Statutes. See 42 Pa.C.S.A. §8541 et seq.

Sovereign immunity for local governments and agencies existed at the time of the plaintiff's accident, has existed continuously ever since, and may be raised by the defendants."

The effect of J.A.R.A. was merely to transfer the Tort Claims Act to a new place in the codified statutes, and it is applicable here.

Ruth next claims that even if the act applies, its cause of action falls within the exception to immunity found in §8542(b)(3), which states, in part, that a municipality shall be liable for negligence in connection with the "care, custody or control of real property in the possession of the local agency . . . " (Emphasis added). Ruth's argument is that a municipality's exercise of its zoning power constitutes sufficient "control" to render it liable in a situation such as this one. But even if zoning is "control," it is not possession. A municipality does not possess property merely because it regulates it use through zoning ordinances. Defendant's third-party action does not fall under any of the exceptions to immunity in the Tort Claims Act.

Lastly, Ruth argues that the township should be joined as a party nonetheless, for the purpose of apportioning negligence under the comparative negli-

gence statute, 42 Pa.C.S.A. §1702. That statute applies when "recovery is allowed against more than one defendant."

The Superior Court has recently held that an employee is not subject to joinder for the purpose of apportioning negligence when an employee sues a third-party tortfeasor. Heckendorn v. Consolidated Rail Corp., 293 Pa. 474, 439 A.2d 674 (1981). The court considered conflicting decisions from several courts of common pleas as well as federal district courts, and reasoned that since the workmens' compensation laws disallow recovery against an employee, the latter may not be joined.

The situation of Harborcreek Township in this case is analogous. It is a political subdivision against whom the Tort Claims Act allows no recovery and likewise may not be joined as an additional defendant. Differences between the workmen's compensation and sovereign immunity laws do not change this result, since its ultimate basis is the ability of the legislature to create or abolish causes of action. Carroll v. County of York, 496 Pa. 373, A.2d 394 (1981). It is also consistent with Pa.R.C.P. 2252, which limits joinder to persons or parties "who may be . . . liable."

The Political Subdivision Tort Claims Act applies to this case. Ruth's claim does not fall under any of the eight exceptions in §8542, and its cause of action against Harborcreek Township is barred by sovereign immunity. The township may not be joined as a third party defendant for the purpose of apportioning negligence, if any. Of course, nothing prevents Ruth Real Estate from proving negligence on the part of the township in mitigation of its own liability.

## ORDER

And now, this November 22, 1982, the demurrer of Harborcreek Township is sustained and the third-party complaint against it is dismissed.

## MEMORANDUM ORDER

And now, this November 22, 1982, the objections of Richard Ruth, d/b/a Ruth Real Estate, to plaintiff's first set of interrogatories and requests for production of documents are sustained, plaintiffs having failed to demonstrate to the court how the requested information is relevant for them at this stage of their lawsuit.