## Swartz v. SGL Industries

*Kevin E. Osborne,* for plaintiff.

*Daniel K. Deardorff,* for defendant SGL Industries, Inc.

*Jered L. Hock,* for defendant Chicago Pneumatic Tool Co.

*John W. Read,* for defendant 3M Company.

## IN RE: PRELIMINARY OBJECTIONS
## BEFORE SHEELY, P.J. AND HOFFER, J.

SHEELY, *P.J.,* February 24, 1984—Presently before the court is an attack on the constitutionality of section 303(b) of Pennsylvania's Workmen's Compensation Act. The above-captioned case involves a negligence action by plaintiff Swartz against three manufacturing companies and was occasioned by serious injuries Swartz received when a grinding wheel he was operating for his employer shattered, pierced his face mask, and struck his face. After Swartz initiated this action against the manufacturers of the grinding wheel, grinding machine, and protective face mask, the manufacturers attempted to join Swartz's employer, ITT Domestic Pump Corporation (ITT), as an additional defendant and an involuntary plaintiff. This joinder was for purposes of apportioning negligence between the employer and the manufacturers if any employer and manufacturer negligence was ultimately found. Section 303(b) of Pennsylvania's Workmen's Compensation Act, however, has been held to bar joinder of the employer as an additional defendant for any purpose. Heckendorn v. Consolidated Rail Corporation, 302 Pa. 101, 465 A.2d 609 (1983). Defendants, unable to join ITT as an additional defendant because of §303(b) and the Heckendorn decision, now challenge the constitutionality of §303(b) by averring that its title does not give notice of its contents, thus violating Article III, §3 of Pennsylvania's Constitution.

"Article III, §3 states:
No bill shall be passed containing more than one

subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof." (Pkt. part 1983-84). Defendants contend that the title to §303(b) does not inform the reader as to the contents of the act; specifically, it does not inform third parties that their contribution and indemnification rights from negligent employers have been abrogated. This same issue was alluded to in both the trial court and Supreme Court opinions in Heckendorn, but was not addressed because the parties failed to raise the issue at trial.

The title to §303(b) of the Workmen's Compensation Act reads as follows:

"Amending the act of June 2, 1915 (P.L. 736, no. 338), entitled, as amended, "An act defining the liability of an employer to pay damages for injuries received by an employee in the course of employment; establishing an elective schedule of compensation; providing procedure for the determination of liability and compensation thereunder; and prescribing penalties, . . ." Act of December 5, 1974, P.L. 782, 77 P.S. §481(b) (Pkt. part 1983-84).

Article III, §3 of the Pennsylvania Constitution is intended to prevent the passage of "sneak" legislation by requiring the title of an act to give full notice of the material contained within the act. It is not necessary, however, for the title to completely index the contents of the act. If it reasonably notifies the reader about the contents of the bill, the title satisfies the requirement of Article III, §3. Montgomery v. Wick, 146 Pa. Super. 219, 22 A.2d 95 (1941); Bensalem Township School District v. Bucks County Commissioners, 8 Pa. Commw. 411, 303 A.2d 258 (1973). Therefore, the fact that each specific topic is not mentioned in the title does not violate the Constitution if the title gives notice of the gener-

al subject matter and nature of the act. Singer v. Sheppard, 33 Pa. Commw. 276, 381 A.2d 1007 (1978).

Although the title to §303(b) of the Workmen's Compensation Act does not expressly state that a third party's right to contribution or indemnity from a negligent employer has been abrogated, we find that the title's language, in particular "[a]n act defining the liability of an employer to pay damages for injuries received by an employee in the course of employment," sufficiently puts the reader on inquiry as to the act's treatment of employer liability and accordingly fulfills the Constitution's mandate. Article III, §3 is "not intended to exercise a pedantic tyranny over the grammatical efforts of legislators." Commonwealth v. Stofchek, 322 Pa. 513, 517, 185 A. 840, 843 (1936); Commonwealth v. Buggy, 33 Cumberland L.J. 511, 518 (1983). Rather, it is to notify readers generally of the specific provisions contained within the act. The title to §303(b) adequately fulfills this purpose and is therefore constitutional.

The mere fact that the original act was titled in the same manner as the present title does not necessitate a finding that the present title is unconstitutional. The present title is clearly an amendment of the original act, dealing with the same subject matter as the original act. It is evident that an amendment is likely to modify the legislative treatment of the particular subject matter, and thereby puts the reader on notice that the act should be read in order to determine if treatment of the subject matter has been changed. Again, readers are to be put on notice of the act's subject matter, not given a point-by-point, all inclusive description of the actual subject matter in the title. Defendants' preliminary objections are dismissed.

## ORDER OF COURT

And now, this February 24, 1984, for the reasons appearing in the opinion filed this date, defendants' preliminary objection attacking the constitutionality of Pennsylvania's Workmen's Compensation Act, §303(b), is hereby dismissed.

## IN RE: PRELIMINARY OBJECTIONS
## BEFORE SHEELY, P.J. AND HOFFER, J.
## OPINION AND AMENDED ORDER OF COURT

SHEELY; *P.J.*, March 13, 1984—The opinion and order of court filed February 24, 1984, mistakenly characterized the filed preliminary objections as those of the three defendants. In actuality, it was plaintiff who filed the preliminary objections in opposition to its joinder as an involuntary plaintiff and an additional defendant. Defendants, in response, raised the issue of the constitutionality of Pennsylvania's Workmen's Compensation Act §303(b) as a defense to ITT's preliminary objections. As the involuntary joiner of an employer is barred for any purpose by §303(b) (See: Heckendorn v. Consolidated Rail Corporation, 502 Pa. 101, 465 A.2d 609 (1983)), ITT's preliminary objections are sustained. Defendant's argument regarding the constitutionality of §303(b) was adequately discussed and dismissed in the February 24, 1984, opinion.

## AMENDED ORDER OF COURT

And now, this March 13, 1984, for the reasons appearing in the opinion filed this date, the order of February 24, 1984, is amended to read as follows: ITT's preliminary objections to involuntary joinder as a co-plaintiff and as an additional defendant are hereby sustained.